## Henry Sawyer and Roswell S. Douglass v. Knute Nelson.

1. JUDGMENTS—*Identity of the Cause of Action.*—Where a declaration contained two counts in which malice was charged as the gist of the action, and one an ordinary count in trover, there can be no inference that a judgment rendered in the suits was upon the counts charging malice rather than upon the count in trover, which did not.

2. SAME—*Cause of Action—Extrinsic Evidence.*—Where several matters have been litigated in one action, upon one or more of which judgment has been entered, without indicating upon which, the whole subject-matter of the action at large will be open to a new contention unless such uncertainty be removed by extrinsic evidence showing the precise point involved and determined.

3. EVIDENCE—*Judgments—When Not Conclusive of Malice—Insolv-*

*ency.*—In a case tried in the Superior Court, the declaration contained counts charging malice and one count in trover. A judgment having been rendered generally for the plaintiff, and afterward the question of the defendant's discharge as an insolvent coming up in the Circuit Court, *it was held*, in the absence of evidence showing upon which count the judgment was rendered, that the court could not infer that it was upon the counts charging malice as the gist of the action rather than upon the count in trover.

4.   SAME—*Of Conversations.*—Where one party elicits a part of a conversation it is the right of his opponent to have the whole of it.

5.   ESTOPPEL—*Burden of Proof.*—The burden of showing with reasonable certainty, what were the facts upon which a judgment rests, is upon the party who invokes it as an estoppel.

6.   FRAUD—*Not to be Presumed.*—Fraud is not to be presumed; it must be proved by him who alleges it.

7.   COSTS—*In Insolvency Proceedings—Appeals from the County Court.* —On an appeal by the contestant, from the County Court, in the matter of the application of an insolvent for his discharge, to the Circuit Court it is proper for the Circuit Court to adjudge as costs against the contestant, he being the unsuccessful party, the costs of the appeal from the County Court.

**Proceedings Under the Insolvency Act.**—Appeal from the Circuit Court of Cook County; the Hon. GEORGE F. BLANKE, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed June 3, 1895.

CRATTY BROS., MACLAREN, JARVIS & CLEVELAND, attorneys for appellants, contended that the issue for the jury was, and the burden of proof was on the appellee to show that he was found guilty under the count in trover; citing Mahler v. Sinsheimer, 20 Ill. App. 401; Kitson v. Ellinger, 35 Ill. App. 57.

CHYTRAUS & DENEEN, attorneys for appellee, contended that the burden of showing that appellee was found guilty under the counts charging malice, was upon the appellant. The *onus* of establishing an estoppel is by law cast upon him who invokes it.   1 Freeman on Judgments, Sec. 276, pg. 502, and authorities cited.

It is enough that the imprisoned debtor offers to surrender his property and asks to be discharged.   It is for the judgment creditors to set up that the judgment upon which

the writ was issued was rendered in a suit in which malice on the part of the petitioner was the gist of the action. Kitson v. Farwell, 132 Ill. 335.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee was arrested upon a *ca. sa.* issued in a cause in the Superior Court, wherein the appellants obtained judgment against him for $1,361.05. He thereupon applied for and was granted leave by the County Court to schedule as an insolvent, and upon a hearing was discharged.

From that judgment the arresting creditors, the appellants here, appealed to the Circuit Court, where, on verdict of a jury and judgment, he was again discharged, and this appeal has followed.

Upon the trial in the Circuit Court the declaration in the original suit in the Superior Court was introduced in evidence by the appellants. That declaration was in an action of trespass on the case, and consisted of three counts, in the first two of which malice was charged as the gist of the action, and the third of which was an ordinary count in trover.

No proof was made, or attempted, of what evidence was heard in the Superior Court in support of the declaration in that suit, and it seems that the judgment was taken by default of the appellee; and although the judgment in the Superior Court was offered in evidence it was excluded, and no question, either by argument or assignment of error, is made here that it was wrongly so done.

There can be no inference from the declaration in the Superior Court case that the judgment there rendered was upon the counts that charged malice rather than upon the count in trover that did not. Kitson v. Farwell, 132 Ill. 327.

" If it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated and upon which the judgment was rendered, the whole sub-

ject-matter of the action will be at large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined." Russell v. Place, 94 U. S. 606.

It is impossible to determine from the declaration alone, and even though the judgment had been introduced and would have shown a finding of the issues generally for the plaintiffs, it would have been equally impossible from that, to determine whether the appellee had been found guilty of the fraud and malice charged in either of the two first counts, or of a mere finding and taking under the trover count. Proof of what was alleged under either count would sustain the judgment. And it can not be said with certainty what the judgment would have been if the count in trover had not been in the declaration. Kitson v. Farwell, *supra*.

The burden was upon the appellants, who invoked the estoppel of the Superior Court judgment, to show with reasonable certainty what the facts were upon which that judgment rests. Althrop v. Beckwith, 14 Ill. App. 628; Kitson v. Farwell, *supra*.

But it is argued under the assignment of error that the verdict was against the evidence; that it appears from the testimony of the appellee in this cause that the matters constituting the fraud and malice charged in the first count of the declaration in the Superior Court suit, were sustained and were true. We will not attempt a detailed analysis of appellee's testimony. The jury under most favorable instructions for the appellants did not so regard appellee's testimony, and neither do we. He testified explicitly and particularly to the truth of every item of the statement which he gave to appellants, and which furnished the basis of the charge of fraud in said first count; and, taken as a whole, his testimony quite thoroughly overcame all the charges of fraud made against him, in either count of the declaration, on account of his transactions with appellants.

And so, even though, as contended by appellants, the *onus* was upon him to show the judgment in the case was not for the fraud and malice charged in the two first counts

of the declaration, we think he succeeded, there being no extrinsic evidence except that found in his own testimony and in the statement which was the basis of the credit given him by appellants, to the truth of which he testified, of what the transactions were that were declared upon in the Superior Court suit.

Whatever may have been previously decided by this court in cases partaking of the character of this one, we must now hold that whenever they conflict with what is laid down in Farwell v. Kitson, *supra*, the latter must prevail. The substantial questions involved in this appeal were decided in that case, and we have endeavored to follow it.

From what we have said it follows that there was no error in the refusal of the peremptory instruction asked by appellants, to find that the first of the action or judgment upon which appellee was arrested was malice.

The instruction given for appellee, that fraud is not to be presumed but must be proved by him who alleges it, is also the correct doctrine, as laid down in the cases already cited.

If there would, otherwise, have been error in the admission of evidence of the conversation between appellee and his attorney, there was none here, for the reason that appellants had elicited part of the conversation, and it then became the right of appellee to have it all put in.

It is, finally, assigned for error that the Circuit Court adjudged as costs against the appellants, the costs of the appeal from the County Court.

The only reasons given why such adjudging was wrong, were mere irregularities, at most, and unless they were such irregularities as would cause a reversal, which they were not, it was right to adjudge costs against appellants, as was done.

We see no error in the record, and therefore affirm the judgment of the Circuit Court.