## In the Matter of Christian Busse, an Insolvent, Arrested at the suit of Catherine Kennedy.

1. APPEALS—*To Appellate Court.*—Section 8 of the Appellate Court act, as amended by the act of June 6, 1887, provides for appeals to the Appellate Court from all final judgments, orders or decrees of County Courts, in any case or proceeding at law or in chancery other than criminal cases, not misdemeanors, and cases involving a franchise, freehold, or the validity of a statute.

2. SAME—*To the Appellate Court from County Court in Insolvent Estates.*—An appeal from a final order of the County Court made in the administration of an insolvent estate, lies to the Appellate Court and not to the Circuit Court.

3. SAME—*To the Circuit Court in Cases Purely Statutory.*—An appeal from the judgment of a County Court in a proceeding which is purely statutory, and in no proper sense a suit or proceeding at law or in chancery, should be taken to the Circuit, and not to the Appellate Court.

4. VOLUNTARY ASSIGNMENTS—*Not a Purely Statutory Proceeding.*—A proceeding in the County Court under the act relating to voluntary assignments is not a purely statutory proceeding, but a chancery proceeding modified and regulated by the statute.

5. STATUTES—*Repeal by Implication.*—Section 26 of the Insolvent Debtor's act was repealed by implication by section 8 of the Appellate Court act.

6. INSOLVENT DEBTORS—*Entitled to Trial by Jury—Costs.*—When a debtor is imprisoned for debt upon charge of fraud, or upon execution on the charge of refusal to surrender his estate for the payment of any judgment, he shall be entitled, upon giving notice as provided in section 3 of the Insolvent Debtor's act, to have the question whether he is guilty of such fraud, or has refused to surrender his estate, tried by a jury. If the jury find him not guilty of such fraud, or refusal, he shall be discharged from the arrest or imprisonment, and the creditor at whose instance he was arrested or imprisoned shall be adjudged to pay the costs; if he be found guilty, he shall be remanded to the custody of the proper officer, but such finding shall not prevent his availing himself of other provisions of the act.

7. PLEADING—*Statutory Proceedings.*—Where no provision is made as to the pleadings nor the manner of framing the issue, the proceeding is one purely statutory.

**Action on the Case**, for personal tort. Trial in the County Court of Cook County; the Hon. JOHN H. BATTEN, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed February 23, 1899.

STATEMENT OF CASE.

Christian Busse was arrested under a writ of *ca. sa.* issued from the Superior Court in favor of Catherine Kennedy, and while he was held by the sheriff of Cook county under said writ, petitioned the County Court for release from such arrest, pursuant to the laws of this State relating to insolvent debtors.

Busse gave bond for his appearance, etc., the hearing of his application was adjourned to June 2, 1898, when he filed with the clerk of the County Court a certain schedule of all his property, real, personal and mixed, sworn to by him to be true in substance and in fact, all of which he claimed as exempt because he was the head of a family and residing with the same. Afterward, on the same day, a jury was called to try the issues (but what issues is not stated), and after hearing the evidence, arguments of counsel and instructions of the court, they rendered the following verdict, viz.: "We, the jury, find that the petitioner did not schedule all of his property." A motion for new trial was overruled and judgment rendered by the court, by which Busse was remanded to the custody of the sheriff, that he be placed in the jail of said county and so held until released by due process of law. From this judgment Busse has appealed.

The evidence shows that Busse was at the time of his arrest the head of a family and resided with the same; that he then made a schedule of all his property, which he handed to the sheriff, and that he did not then have, nor did he at the time of the hearing before the County Court have any other property of any kind not included in the schedule which he handed to the sheriff. The property scheduled was exempt under the statute. Busse asked the court to give two instructions, viz.:

1. "The court instructs the jury that the issue in this case is whether at the time the sheriff of Cook county made a demand on the petitioner for money or property wherewith to pay or satisfy the amount of the execution in whole or in part in case of Kennedy v. Petitioner, the said peti-

tioner had in his possession or control money or property (not exempt by law) to turn over to the sheriff toward the payment or satisfaction of said execution, and if you find from the evidence that he had no money or property at that time (excepting what was exempt by law) in his possession or control, then you should find the petitioner not guilty."

2. "The court instructs the jury that if you find from the evidence that Christian Busse, the petitioner in this case, had no other property excepting what he has scheduled in this case, at the time that the sheriff of Cook county made a demand upon him for money or property wherewith to pay or satisfy in whole or part the amount of the execution, in the case of Catherine Kennedy against said petitioner, then you should find the petitioner not guilty."

The court refused the instructions as asked, but modified the same by striking out the words at the end, "the petitioner not guilty," and inserting the words, "for the petitioner."

ARTHUR SCHROEDER, attorney for appellant, Christian Busse.

JAMES C. McSHANE, attorney for appellee.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Counsel for Catherine Kennedy suggests that this court has no jurisdiction of the appeal, because of Section 26, Ch. 72, Rev. Stat. (Hurd), of "The Act concerning Insolvent Debtors," which provides for an appeal to the Circuit Court from all final orders and judgments of the County Court under the provisions of that act. This act was in force July 1, 1872, and would control as to the court to which the appeal lies, unless it is repealed by Section 8 of the Appellate Court act (Ch. 37, Hurd's Rev. Stat., as amended by the act of June 6, 1887), which went into effect July 1, 1887, and provides for appeals to the Appellate Court of this State (among other cases not here in question), from all final judgments, orders or decrees of County Courts, "in any suit

or proceeding at law or in chancery other than criminal cases, not misdemeanors, and cases involving a franchise, freehold, or the validity of a statute."

We have received no aid from counsel on either side of this question, and the result of such investigation as we have been able to make leaves us still in doubt as to the jurisdiction of this court.

In Huntington v. Metzger, 51 Ill. App. 222, this court entertained jurisdiction of an appeal from the County Court in a case in all respects like the one at bar. The majority opinion does not refer to the question of jurisdiction, but Mr. Justice Gary, in a dissenting opinion, says that he speaks for the whole court in affirming the jurisdiction of the Appellate Court, referring to Union Trust Co. v. Trumbull, 137 Ill. 146, and Lee v. People, 140 Ill. 536. An appeal to the Supreme Court in this case was entertained (158 Ill. 272), and Mr. Justice Magruder, in an elaborate opinion, reversed this court, but did not mention the question of jurisdiction. A similar appeal (59 Ill. App. 46) was entertained in Sawyer v. Nelson, 160 Ill. 629, but jurisdiction was not considered so far as appears from the opinion.

In the Trumbull case, *supra*, which was a contest between creditors of an insolvent debtor in a voluntary assignment proceeding in the County Court, it was held that an appeal from a final order in that court made in the administration of the insolvent estate, lies to the Appellate Court, and not to the Circuit Court. The court construed the Appellate Court act, in so far as it related to chancery proceedings, as repealing by implication section 122 of chapter 37 (Hurd's Rev. Stat.), relating to appeals from County Courts generally, and held that a proceeding in the County Court, under the act relating to voluntary assignments, is not a purely statutory proceeding, but a chancery proceeding modified and regulated by the statute.

The Lee case, *supra*, was a bastardy proceeding in the County Court. The jurisdiction of the Appellate Court was sustained, on the ground that it was a proceeding at law, and therefore within section 8 of the Appellate Court act.

In Grier v. Cable, 159 Ill. 29, it was held that an appeal from the judgment of a County Court in allowing or disallowing a claim against the estate of a deceased person, should be taken to the Circuit Court, and not to the Appellate Court, for the reason that such a proceeding is ". purely statutory, and in no proper sense a suit or proceeding at law or in chancery."

In these three cases it was held that the Appellate Court act repealed by implication the County Court act with reference to appeals generally, in so far as it was in conflict with the latter act. We think the same reasoning applies as to the provision for appeal in section 26 of the Insolvent Debtor's act.

In Martin v. Martin, 170 Ill. 18, which was a proceeding in the County Court under the Administration Statute, Secs. 81 and 82, in the estate of a deceased person, to compel the production in that court by an executrix of certain concealed assets of the decedent, the appeal, which was to the Circuit Court, thence to the Appellate Court, and then to the Supreme Court, was entertained, though it was held that the appeal to the Circuit Court was proper, and also the proceeding was in the nature of a bill for discovery and for equitable relief. The Insolvent Debtor's act provides for a trial by jury as to whether the debtor is guilty of fraud, or has refused to surrender his estate, but no provision is made as to the pleadings nor the manner of framing the issue, and we should therefore be inclined to hold that the proceeding is one purely statutory, as in the case of claims (Grier case, *supra*), but for the fact that this court has heretofore affirmed its jurisdiction in a case in which that question was raised, and that appeals in two such cases have been entertained by the Supreme Court. The latter court, as well as this court, has frequently held it was its duty to dismiss an appeal or writ of error, *sua sponte*, whenever there was a lack of jurisdiction.

Being in doubt as to the jurisdiction of this court, we do not dismiss the appeal. The only question remaining is as to the verdict and judgment of the County Court. Section 5 of the Insolvent Debtor's act is, viz.:

"When any debtor is arrested or imprisoned for debt upon charge of fraud, or upon execution on the charge of refusal to surrender his estate for the payment of any judgment, he shall be entitled, upon giving notice as provided in section 3 of this act, to have the question whether he is guilty of such fraud, or has refused to surrender his estate, tried by a jury who may be summoned, tried and selected for that purpose. If the jury shall find the debtor 'not guilty' of such fraud, or refusal, as the case may be, the debtor shall be discharged from the arrest or imprisonment, and the creditor at whose instance he was arrested or imprisoned shall be adjudged to pay the costs of the arrest or imprisonment, and of such proceeding. If the debtor shall be found 'guilty' of such fraud or refusal, he shall be remanded to the custody of the proper officer, but such finding shall not prevent his availing himself of the other provisions of this act."

It seems apparent, from this record, especially from the instructions of the court, that it was the intention of the parties and the court to try the issue as to whether Busse had refused to surrender his estate. This issue and that of fraud are the only ones on which the statute provides a jury trial. The subsequent sections of the statute after 5, relate wholly to proceedings to be taken by the court, without the intervention of a jury, in the event that the debtor is not discharged upon a trial of one or the other of the issues mentioned in section 5. It therefore seems plain that as the issue as to whether Busse had refused to surrender his estate was submitted to a jury and no further proceedings were had thereafter, except to render judgment on the verdict, the contention of appellee that the proceeding was one under section 6 and the subsequent sections of the act, is not tenable. These latter sections have no application whatever to this proceeding. There being no evidence that Busse had any other property than that scheduled at the time of the demand by the sheriff, the verdict of the jury, even if considered as responsive to the issue tried, was manifestly against the evidence, and Busse's motion for new trial should have prevailed.

But the verdict was not responsive to the issue as to whether Busse had refused to surrender his estate. It might

and could be absolutely true that Busse did not schedule all of his property, when he had not refused to surrender his estate.

The judgment is therefore reversed and the cause remanded.