### Burrall and others *vs.* Leslie and others.

Where the same person has been appointed receiver in several different suits, upon creditor's bills, before the chancellor and different vice chancellors, and there are conflicting claims between the parties in the different suits as to the distribution of the fund in the hands of the receiver, the jurisdiction to decide such conflicting claims, and to direct the distribution of the fund in the hands of the receiver, belongs primarily to the judge under whose authority such receiver was first appointed.

In such a case, the necessary costs to ascertain the priorities of the complainants in the different suits, and of the decretal order for the distribution of the fund, were ordered to be paid first by the receiver out of the fund in his hands.

Where the complainant's debt, and the costs of both parties, are directed to be paid out of a particular fund, which turns out to be insufficient to pay the whole, the amounts directed to be paid to each party must be paid rateably, if there is nothing in the decree to show that a preference in payment was intended to be given to either.

THE bill in this cause was filed before the chancellor by <span>April 18.</span>
judgment creditors of J. & R. Leslie, to reach certain prop-

1837.

Burrall
v.
Leslie.

erty of the latter which had been assigned to the other de-
fendants, Williams and M'Dougall; and a receiver was ap-
pointed to receive and hold the property in controversy
pending the litigation. Seven other creditors' bills were
afterwards filed against the same defendants, some of
which were before the chancellor and others before the
vice chancellor of the seventh circuit; and the same per-
son was appointed receiver in those suits. The first and
fourth suits, which were commenced before the chancellor,
were referred to the vice chancellor of the fourth circuit;
who made decrees in favor of the complainants therein, re-
spectively, for the payment of their judgments with interest
and costs, and also for the payment of the costs of the de-
fendants, Williams and M'Dougall, out of the fund. Similar
decrees were made in the other suits, by the vice chancel-
lor of the seventh circuit, except that no costs were allow-
ed to the defendants in those suits. Upon an application
to the chancellor, by the complainants in the fourth suit, a
reference was ordered to ascertain the priorities in the sev-
eral suits; and on the coming in of the report, (excep-
tions having been taken to the same and afterwards aban-
doned,) the case came before the chancellor upon the appli-
cation of the complainants in this suit for further directions
and for the distribution of the fund.

*M. T. Reynolds*, for the complainants in first suit.

*J. Rhoades*, for the complainants in 2d, 3d and 4th suits.

THE CHANCELLOR. The receiver in the suit first com-
menced was appointed by the chancellor, before the cause
was referred; and as different decisions have been made
by the vice chancellors in relation to costs, the direction as
to the distribution of the fund appears necessarily to refer
itself to this tribunal, where the receiver was appointed to
take charge of the fund originally. The master's report
and the decrees settle the question as to interest on the sev-
eral judgments. The master reports that the several de-
crees should be paid according to the times in which the

bills were filed; and the decrees themselves declare that the complainants are entitled to be paid the amount of their judgments with interest thereon. In the first and fourth causes the decree directs payment of the complainants' judgments and interest and costs, and also the costs of the defendants out of the fund. And as the decree gives no preference in the payment of the complainants' debt and costs over the costs of the defendants, if the fund is not sufficient to pay both in full they must be paid rateably. The master's bill on the reference directed by the chancellor was a necessary expense to obtain a distribution of the fund; and that bill, with the costs of the petition and order to obtain the reference, and the costs of the complainants' solicitor on this application for further directions, should therefore be first paid out of the fund in the hands of the receiver. But no costs of the different parties in attending on the reference, or on the exceptions to the report which have been abandoned without any decision thereon, are to be paid out of the fund. The receiver must then pay the judgment, and interest of the complainants, in suit No. 1, and the costs of both parties, according to the decree of the vice chancellor in that snit; and if the fund is not sufficient to pay the whole, the amount of debt, interest and costs payable to each party according to the decree must be paid rateably. The judgments and interest and the complainants' costs in the second and third suits must then be paid, according to priority as settled by the master; and then the judgment and interest and the costs of both parties in No. 4 rateably. If any thing remains, the same must be applied to the payment of the principal, interest and costs decreed in the four remaining suits, according to priority. And the complainants, respectively, will be entitled to apply to the vice chancellor before whom their decrees were obtained, for such further directions as may be necessary to enable them to collect such parts of their decrees as remain unpaid, out of any future assets of their judgment debtors against whom such decrees were obtained. The principle of the English bankrupt laws as to the payment of interest cannot have any application to this case, as the

several decrees direct the payment of interest in addition to the principal sums due on the judgments.