EDWARD LUSK *et al.*, Appellants, *v.* JOSEPH J. CASSELL *et al.*, use of, etc., Appellees.

APPEAL FROM MORGAN.

*If a declaration in debt is defective in not averring a demand, such defect is cured by the verdict.*

THE appellees, as judges of the County Court, sued appellants in debt, as sureties of Wm. V. Newcomb, deceased, late a justice of the peace, of said county.

Declaration filed 7th October, 1859, containing three counts, alleging collection by Newcomb, as justice of the peace, of $50, use of, etc., and non-payment of the same. Neither of the counts alleges demand of the money of Newcomb, or his personal representatives, or excuse for not demanding of personal representatives, before the institution of this suit. One of the counts alleges demand of $50 of appellants, before suit brought.

Appellants pleaded *non est factum*, and gave notice of following defenses:

First. That Newcomb did not, as justice of the peace, collect the $50 sued for.

Second. That if he did, there was no sufficient demand of the same, preliminary to this suit, to maintain this suit.

Third. That there has been no such demand of the $50, if received as alleged in the declaration, of the said Newcomb, or his proper representative or representatives, as will justify the maintenance of this suit.

The following is the bill of exceptions in the case:

*In the Circuit Court of Morgan county, State of Illinois.*
*Special November term, 1860.*

JOSEPH J. CASSELL and others, to use of Lewis Perry & Co., Plaintiffs,
*vs.*
EDWARD LUSK and CHARLES GOVE, Defendants.

Be it remembered, that on this 5th day of December, 1860, came the parties, by their attorneys, and by consent, without the intervention of a jury, matters of law and facts were tried by the court. The following was all the evidence in the case, to wit:

*John Walihan* testified: Knew Newcomb; was an acting justice; died some more than a year after his election; think he died in 1859, in spring. Knew Lewis Perry & Co.; knew one of them, Perry; at Meredosia, in August, after Newcomb's death, called to see me on this business; left a mem. of judgment for collection; I called on Gove about it; Perry had given

14

me the mem. to hold until a given time, and then, if not paid, to send to attorney in Jacksonville ; don't remember what Gove said about it ; have no knowledge of what defendants said to Perry, except what Perry told ; I called prior to October, 1859. Letter shown to witness in Newcomb's handwriting.

Cross-examination : Don't know that Perry ever made demand of debts ; mem. left with me to collect ; Perry said, if not paid, to hand to attorney ; Gove might have said he was only security —don't recollect ; Perry told me, if not paid by a given time, to hand to attorney. The whole scope of my authority was to hold it until a given time, when, if not paid, to hand to attorney ; I do not think he told me to make a demand.

Re-examined : Think the amount was the $50 collected on judgment in Newcomb's hand ; they authorized me to forward to them when collected ; had authority to remit ; can't state nature of my conversation with Gove ; not that I thought I had authority to collect. I told him, Perry had told me that the money was to be paid to me ; don't know what Gove replied ; I think I spoke of Newcomb, and wondered what Newcomb had done with the money ; don't think he questioned my authority to receive the money.

Re-cross-examination : When I say they, I mean to say Gove ; I do not know that Perry said anything about Lusk's statements.

*James Pointer* was called as a witness by the plaintiff, who testified that he knew Newcomb in his lifetime ; that he was an acting justice of the peace, in the Meredosia precinct, in Morgan county, during the year 1858, and up to the time of his death, which occurred early in the year 1859, perhaps in the month of February ; that he (James Pointer) succeeded said Newcomb as justice of the peace ; that his books and papers came to his hands as Newcomb's successor. (Witness produced the docket-book of said Newcomb, that had come into his hands as his successor, and exhibited in the handwriting of said Newcomb the entry in said docket, of a suit instituted by Lewis Perry & Co., against Trover & Parker, in the month of November, 1858, and the confession of a judgment by Parker for the sum of $92, and also an entry of the payment of $50, on said judgment, of the date of 6th November, 1858, in the handwriting of said Newcomb.) That in the summer of the year 1859, Mr. Perry, one of the plaintiffs in this suit, came to him and wished to know who were the securities of Justice Newcomb, and took a memorandum of the above mentioned entries ; that witness went with said Perry and introduced him to said Gove and Lusk, to whom said Perry presented this claim, and he thinks some others, about which they differed, and after conversation, Perry said he could get along with Gove, but could do

nothing with Lusk; heard Perry tell Gove and Lusk about this claim; he presented this with other accounts; Lusk told me, Perry was very harsh, and wished to press judgment without an investigation; think he meant about this claim; Gove said Lusk could do as he pleased.

Cross-examination: Conversation above, little over a year ago; I think Perry had other claims against Lusk and Gove. Perry took transcript, and went to Gove and Lusk, and talked about claims; had this one and I think other claims; this one they appeared to disagree about; it appeared that Perry wanted to rush the matter. Lusk told me, Perry told him that he would sue him.

*Meredosia, Nov.* 6, '58.

MESSRS. LEWIS PERRY & Co.,

*Gentlemen:*—Yours of 1st inst., was duly rec'd—Owing to the absence of Mr. Parker, I have waited for his return—Now I have to say, on showing note to Mr. Parker he confesses a judgment for note and interest, which I have this day entered against him in your favor—In reference to Dr. Detrick's notes, I think them good, if the property he bought of Trover has this $800,00 as a first lien is secured as you say by Deed of Trust.

Respectfully Yours, W. V. NEWCOMB.

Thereupon the court found the issue in this case for the plaintiff. And the defendants moved for a new trial, because the finding was against the law and evidence in the case. Said motion was overruled, and the defendants, by their counsel, then entered a motion in arrest of judgment, because the several counts in the plaintiffs' declaration contain no sufficient cause of action. This motion was also overruled by the court; to the overruling of which motion, the defendants also, by their counsel, at the time excepted; and the court rendered judgment for, etc., against the defendants. And by consent of plaintiffs' counsel, the bond of Isaac L. Morrison alone, in the penalty of $100, conditioned as the law directs, is to be accepted and treated as the appeal bond in this case of defendants, and said Morrison as security. Bond to be executed twenty days. At the instance of the defendants' counsel, the bill of exceptions is signed, sealed and made a part of the record, date above.

D. M. WOODSON. [SEAL.]

Errors assigned: That the court below did not entertain the motion of the appellants in arrest of judgment; that the court below did not entertain the motion of appellants for a new trial; and that the court below rendered judgment against the appellants.

D. A. AND T. W. SMITH, for Appellants.

CYRUS EPLER, and I. L. MORRISON, for Appellees.

CATON, C. J. If a demand was necessary before bringing the action, and the declaration was defective for not stating such demand, that defect was cured by the verdict.

The proof most abundantly shows, that a demand was made and repeated several times before the action was commenced. Perry first made a demand of Gove and Lusk, and afterwards the witness Walihan, as agent for Perry & Co., made a demand of Gove. With such an abundance of proof of the demand, we are unable to appreciate how it is possible to raise any question on that point.

The judgment is affirmed. *Judgment affirmed.*