## Jacob Forsyth v. Henry F. T. Vehmeyer.

1. LOST RECORDS—*Action Upon.*—An action can be maintained on a judgment the record of which has been destroyed, by proving its former existence.

2. PRACTICE—*Proof Must Fit the Pleadings.*—In an action of debt it was alleged that on July 29, 1871, plaintiff recovered a judgment in the Superior Court of Cook County against the defendant, etc., and that the record of the same had been destroyed by fire. To this the defendant pleaded that there is not and never was any record of the judgment remaining in the court, etc., and the plaintiff replied that there is such a record remaining, etc. It was held that under the issue as formed secondary evidence was not admissible.

Memorandum.—Action of debt. In the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. The opinion states the pleadings; trial by the court without a jury; judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1894. Reversed and remanded. Opinion filed October 22, 1894.

F. W. TOURTELLOTTE and F. J. TOURTELLOTTE, attorneys for appellant.

APPELLEE'S BRIEF, M. W. ROBINSON, ATTORNEY.

When it is proved or conceded that the record and files of the judgment sued on are not to be found in the office of the clerk whose duty it is to keep them, secondary evidence of their former existence and contents will be admitted. The plaintiff has the same right in such a case to give secondary evidence of contents as in the case of any other instrument in writing incapable of production for those reasons. Mandeville v. Reynolds, 68 N. Y. 528; Leland v. Cameron, 31 N. Y. 115; Renner v. P. D. & Co. Bank of Col., 9 Wheat. (U. S.) 581; Freeman on Judgments, Secs. 407 and 432 b; 1 Greenleaf on Evidence, Secs. 84 and 509; Abbott's Trial Evidence, 538; see also Ashley v. Johnson, 74 Ill. 392.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an action of debt, the declaration of the appellee alleging that about the 29th day of July, 1871, he recovered a judgment in the Superior Court against the appellant for sums named, and that the record was destroyed by fire.

To this the appellant pleaded, first, that there is not and never was any record of the judgment remaining in the court, and second a discharge in bankruptcy.

The appellee replied that there is such record remaining, etc. And to the discharge, that the judgment was founded upon a fraud described.

The case was tried without a jury, and one question on this record is whether secondary evidence of the judgment should have been admitted, it being proved, if proved, by parol. That an action can be maintained on a judgment the record of which has been destroyed, by proving its former existence, is doubtless true. Black on Judgments, 969.

But if issue be taken upon the averment that the record remains, how can that averment be proved by evidence that it does not remain, but is destroyed?

The record is the written memorial of what was done. Black, Law Dictionary. The effect of the act may remain though the record be gone. On lost bonds, if profert was made, and *non est factum* pleaded, proof of loss was not ad-

missible.   1 Ch. Pl., Ed. 1844, 366; Miller v. Metzger, 16 Ill. 390.   So where performance of a contract is averred, excuse for non-performance is inadmissible.   Higgins v. Lee, 16 Ill. 495.   The secondary evidence was not admissible on the issue as made.

The appellant offered to prove that in the original transaction between him and the appellee there was no fraud. That evidence was rightly rejected.

If the proof of the record showed, as to which we intimate no opinion, that the recovery was for a fraud, that question could not be again litigated between the parties— Kitson v. Farwell, 30 Ill. App. 341, S. C., 132 Ill. 327, where the judgment of this court was reversed—on a difference of opinion between that court and this as to the effect of the pleadings, a difference to which we adjusted ourselves in Kitson v. Ellinger, 35 Ill. App. 55.

The appellant tried to show that he had been discharged from arrest under a *ca. sa.* upon the judgment by the County Court, under the provisions of Ch. 72, Insolvent Debtors.

There was no issue to which such evidence was applicable, and at most, all that was done in that direction was to commence proceedings which were still pending, and in which any orders that court had made were only interlocutory, subject to revocation by the same court.   Fort Dearborn Lodge v. Klein, 115 Ill. 177; Black, Judgments, 308.

The judgment is reversed and the cause remanded.

GARY, J., on petition for rehearing.

In effect this petition is based upon the proposition that the appellant has not in his briefs made a good argument. On the trial, the first exception by the appellant was "because on an issue of *nul tiel record* secondary evidence is not admissible" and in effect it is repeated on a proposition of law asked and refused, and is one of the grounds upon which a new trial was asked.

It is probably true—though we, looking only at the record,

can not know whether it be true or not—that the form of the replication was not adverted to on the trial or thereafter in the court below; but our experience is, that judgments here affirmed on bad records and poor arguments, are reversed in the Supreme Court, either upon better arguments or superior knowledge in the court. Russell v. Chicago Trust and Savings Bank, 40 Ill. App. 385, 139 Ill. 538, is an instance of a decree reversed upon a point never alluded to until the case got to the Supreme Court.

It is altogether probable that the failure there to put in evidence the execution was mere inadvertence. Petition denied.