## Frank Dama v. Karl Kaltwasser.

1. PLEADING—*A Defective Declaration Cured by Verdict.*—When anything is omitted in the declaration, though it be matter of substance, if it be such that, without proving it at the trial, the plaintiff would not have had a verdict, and there be a verdict for him, such omission shall not arrest the judgment upon such verdict.

Trespass.—Error to the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed November 2, 1897.

### STATEMENT OF THE CASE.

The defendant in error sued the plaintiff in case.

It is averred in the declaration, in substance, that the plaintiff, Kaltwasser, made a contract with one Fort, to construct a building on Fort's lot, and, preliminary thereto, to remove a building then on the front of the lot to the rear of the lot; that the plaintiff employed the defendant, Dama, who was a licensed housemover in the city of Chicago, to remove the building; that the defendant, regardless of his duty in that behalf, employed poor workmen and left them without proper supervision, in conse-

quence of which the building collapsed, fell down and was ruined, and that, by reason of the premises, the plaintiff became liable to pay and did pay to Fort $519, and was put to other expense, etc.

The defendant, Dama, pleaded the general issue, and a trial was had, resulting in a verdict and judgment for the plaintiff. It does not appear from the record that Dama was present at the trial either in person or by attorney, and the record does not contain a bill of exceptions.

E. S. CUMMINGS, attorney for plaintiff in error.

COWEN & HOUSEMAN, attorneys for defendant in error.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

The only assignment of error relied on by plaintiff's attorney is that "the declaration is so defective that it will not sustain the judgment." The question whether the declaration is defective is not open for discussion, because if defective, the defect is cured by the verdict. Lusk et al. v. Cassell et al., 25 Ill. 209; Ill. C. R. R. Co. v. Simmons, 38 Ib. 242; Toledo, P. & W. Ry. Co. v. McClannon, 41 Ib. 238; Demesmey v. Gravelin, 56 Ib. 93; Barker v. Koozier, 80 Ib. 205; Clinton W. C. Co. v. Gardner, 99 Ib. 151.

In Ill. C. R. R. Co. v. Simmons, *supra*, which was case for negligence, the declaration did not contain the necessary averment that the plaintiff exercised ordinary care, and the appellant assigned this omission as error, but the court held that the omission was cured by verdict, saying:

"The majority of this court is inclined to the opinion that if the declaration was defective in that particular, it is cured by the verdict. The principle is, 'when anything is omitted in the declaration, though it be matter of substance, if it be such, that, without proving it at the trial, the plaintiff could not have had a verdict, and there be a verdict for the plaintiff, such an omission shall not arrest the judgment,'" citing Tidd, Chitty and other authorities.

Whether the rule thus announced would apply to a case in which the record purported to contain all the evidence, and in which it appeared that there was no evidence of a fact essential to a recovery, is a question not presented by the record in this case; but that it does apply to cases in which, like the present, the evidence has not been preserved by bill of exceptions, we have no doubt; the presumption being, in the absence of evidence to the contrary, that the trial court would not have allowed the verdict to stand in the absence of proof of all the facts essential to a recovery.

The judgment is affirmed.

Mr. Justice SEARS took no part in the decision of this case.