<hr/>

## Jacob Forsyth v. Henry F. T. Vehmeyer.

1. EVIDENCE—*Parol Proof Admissible to Show Contents of Burnt Record.*—Where, in a suit to revive a judgment, it is shown that the records in which such judgment was entered have been destroyed by fire, it is competent to prove their contents by parol evidence.

2. APPEALS AND ERRORS—*Omission of Ad Damnum Can Not be Complained of for the First Time on Appeal.*—Where no specific objection is made in the trial court to a declaration on account of the omission of an *ad damnum*, and no motion in arrest of judgment is made, the objection can not be availed of on appeal.

3. DAMAGES—*Assessment of, in an Action of Debt to Revive a Judgment.*—In a suit to revive a judgment the court found the debt to be an amount equal to the original judgment and assessed the damages at the amount of the judgment and interest.  *Held,* that this was improper, and that the judgment should have been for the debt, and for damages in an amount equal to the accrued interest.

4. COSTS—*In the Appellate Court, Where a Remittitur is Ordered.*— The appellant not having specifically called the attention of the trial court to the excess of damages, he will not recover costs in this court.

5. PLEADING—*A Charge that Representations Were False and Fraudulent is a Charge that They Were Known to be False.*—An allegation that representations were false and fraudulent is equivalent to an allegation that the person making the representations knew them to be false.

6. SAME—*A Declaration Held to be in Tort for Fraudulent Representations.*—The court quote a declaration in full in their opinion, and hold that it is not a declaration in assumpsit, but is too plainly in tort, for false and fraudulent representations, to require argument.

7.   JUDGMENTS—*Whether a Judgment is Based on Fraud Committed by the Defendant is Determined by the Record.*—In a suit on a judgment, the question whether the judgment was recovered on account of the fraud of the defendant must be answered from a consideration of the contents of the record, and parol evidence is not admissible.

8.   BANKRUPTCY—*Fraud is Not Merged in a Judgment, and a Judgment Based on Fraud is Not Released by a Discharge in Bankruptcy.*— Where a suit is brought in case for fraud, and the declaration is framed accordingly, the judgment is conclusive as to the fraud, and the fraud is not merged in the judgment; and a discharge in bankruptcy, obtained after the rendition of the judgment, under the last United States bankruptcy statute, does not operate to discharge the defendant therefrom.

**Debt,** to revive a judgment.   Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding.   Heard in this court at the March term, 1898.   Affirmed with directions.   Opinion filed April 18, 1898.

THOS. J. MERRIFIELD and ROBERT G. HALL, attorneys for appellant.

The first error is in assessing damages not claimed by appellee.   There is no claim for damages in the amended declaration.   It contains no *ad damnum* clause whatever. The assessing of damages therefore was error.   Kelley v. Third National Bank, 64 Ill. 541; Stephens v. Sweeney, 2 Gilm. 375; Rives v. Kumler, 27 Ill. 291; Linder v. Monroe's Ex'rs, 33 Ill. 388; Pierson v. Finney, 37 Ill. 29.

The most conspicuous thing about the declaration as proven is the absence of a *scienter*, or an averment that the defendant had knowledge of the falsity of the alleged representations, and that they were made for the purpose of deceiving and defrauding the plaintiff.   This is fatal to the declaration, as a declaration for fraud and deceit, or as a declaration in tort.   Schwabacker v. Riddle, 99 Ill. 343.

The declaration, according to the evidence, utterly fails to show an action for fraud and deceit.   The clause, "hence he brings this action for fraud and deceit against the defendant," in the end of the declaration, is merely a conclusion of the pleader and of course amounts to nothing.   Simms v. Klein, Breese, 371.

The action of assumpsit is an action on the case, and is

properly entitled an action of trespass on the case. To determine whether the cause of action is founded on a tort, or on a promise, the declaration must be looked to. Carter v. White, 32 Ill. 509.

If the declaration as proven shows any cause of action at all, it is one in assumpsit for the non-delivery of the wood, and not for fraud. Powell v. Kinney, 6 Blackf. (Ind.) 359.

There is no proof that the alleged judgment was entered on the book of records prescribed and kept for the recording of judgments. This is a fatal defect. Case v. Plato, 54 Iowa, 64.

The rendering of a judgment is a judicial act and can alone be performed by a judge, and yet a judgment is not a judgment until it is recorded. Kayser v. Hall, 85 Ill. 511; Edwards v. Evans, 61 Ill. 492; American Exchange National Bank v. Moxley, 50 Ill. App. 314.

A judgment is an entirety, and the entry of it must either be perfect in itself, or be capable of being made perfect by reference to other parts of the record, or the papers on file in the record. Haines v. People, 19 Ill. App. 354.

A judgment can only be entered as to a finding upon all the issues, and the amount of the judgment should not be entered in figures, but should in all cases be written out in letters. Hackett v. Jones, 34 Ill. App. 562; Dukes v. Rowley, 24 Ill. 214; Linder v. Monroe's Ex'rs, 33 Ill. 388.

All judgments for money must be certain and find the sum for which they are rendered. If they fail to do so, they will be fatally defective. Carpenter v. Sherfy, 71 Ill. 427; Pittsburgh, Ft. W. & C. Ry. Co. v. City of Chicago, 53 Ill. 80.

It can not be inferred that the judgment has been regularly entered, because the suit was legally instituted, or because a jury found a verdict in the case, or because the clerk may make this recital: "Judgment on verdict for $3,000." An extract or an abstract is not admissible. The copy should contain the whole record. Gest v. New Orleans St. L. & C. R. R. Co., 30 Louisiana Ann. 28; Anderson v. Nagle, 12 W. Va. 98.

The entire record, including process, return and pleading, must be produced. Vail v. Iglehart, 69 Ill. 332.

Parol proof of the contents of the lost instrument must be such as to leave no doubt of its material provisions. Dupuie v. McCausland, 1 Ill. App. 395.

The fourth specification of the motion for a new trial and the sixth proposition of law refused by the court raise the further contention by the appellant that parol evidence is not admissible to prove the re ord of the judgment sued on, inasmuch as the same was destroyed by fire, and has not been restored, as it might have been under the statutes of this State. The following authorities sustain this view either directly or by implication: Russell v. Tillja, 90 Ill. 327; Black on Judgments, Sec. 969; Foulk v. Colburn, 48 Mo. 230; Walton v. McKesson, 64 N. Car. 77; Morrison v. City of Chicago, 142 Ill. 660.

Fraud can not exist without an intention to deceive. Miller v. Howell, 1 Scam. 499.

False representations, to constitute fraud, must be known to be false, and advanced with design to deceive. McConnell v. Wilcox, 1 Scam. 344; Lockridge v. Foster, 4 Scam. 569; Mitchell v. Deeds, 49 Ill. 416; Allen v. Hart, 72 Ill. 104.

They must be material with respect to the transaction, and on which the other party had a right to rely, and did rely, and was deceived and induced to his injury. Allen v. Hart, 72 Ill. 104; Walker v. Carrington, 74 Ill. 446; Ruff v. Jarrett, 94 Ill. 475.

If by any ordinary degree of precaution the plaintiff could have ascertained the falsity of the statement or representation made to him, he is not entitled to recover for fraud and deceit. Budlong v. Cunningham, 11 Brad. 28.

If a demand *ex delicto* has been reduced to a judgment before the commencement of the proceedings in bankruptcy, its character is changed from a tort to a debt and it is released by the discharge in bankruptcy. Ellis v. Ham, 28 Me. 385; Crouch v. Gridley, 6 Hill, 250; Kellogg v. Schuyler, 2 Denio, 73.

A discharge releases the bankrupt from all judgments rendered against him prior to the commencement of the

proceedings in bankruptcy, for a judgment is a debt of record. Blake v. Bigelow, 5 Ga. 437.

A judgment in the action of tort is barred by a discharge. Comstock v. Grout, 17 Vt. 512; In re Edson Comstock, 22 Vt. 642..

The discharge releases the bankrupt from a judgment for a provable debt entered after the commencement of the proceedings in bankruptcy and before the granting of a discharge. Harrington v. McNaughton, 20 Vt. 293; Dresser v. Brooks, 3 Barb. 429; McDonald v. Ingraham, 30 Miss. 339; Clark v. Rowling, 3 N. Y. 216.

The judgment in a court of law obtained in an action of tort is a debt dischargeable under the bankrupt act. Manning v. Keyes, 9 R. I. 224; In re Wiggers, 2 Biss. 71; In re Samuel Book, 3 McLean, 317.

If the debt is probable, the action is barred, although it was not actually proven. Hardy v. Carter, 8 Hump. 153; Rogers v. Western M. & F. Ins. Co., 1 La. Ann. 161.

" Fraud," in the act of Congress defining the debts from which a bankrupt is not relieved, means positive fraud, or fraud in fact, involving moral turpitude, or intentional wrong, as does embezzlement, and not implied fraud or fraud in law, which may exist without the imputation of bad faith or immorality. Ames v. Moir, 138 U. S. 306; Neal v. Clark, 95 U. S. 704; Wolf v. Stix, 99 U. S. 1; Hennequin v. Clews, 111 U. S. 676; Strang v. Bradner, 114 U. S. 555; Noble v. Hammond, 129 U. S. 65; Upshur v. Briscoe, 138 U. S. 365.

The evidence offered was certainly competent and material to show whether there was any element of fraud in the transaction on which the suit was brought and the judgment founded. It has never been doubted that parol testimony was admissible to show for what a judgment was recovered, not, of course, to contradict or vary the record, but to show the real cause of action involved in the litigation. Harvey v. Drew, 82 Ill. 606.

As it does not appear from the face of the record of the judgment sued on that the precise question now in contro-

versy, viz., positive fraud, involving moral turpitude and intentional wrong, was there raised and determined, the whole subject-matter of the action is open to an inquiry in which parol evidence is admissible. Sawyer v. Nelson, 160 Ill. 629; Russell v. Place, 94 U. S. 606; Barger v. Hobbs, 67 Ill. 592; Shepard v. Butterfield, 41 Ill. 76.

If it appears *prima facie* that a question has been adjudicated, it may be proved by parol that such question was not in fact decided in the former suit. Freeman on Judgments, 243, Sec. 274.

If the face of the record does not show the full and true state of the controversy, parol evidence is admissible to supply what is not shown. Chicago, B. & Q. R. R. Co. v. Schaffer, 124 Ill. 121; Vanlandingham v. Ryan 17 Ill. 25; Barger v. Hobbs, 67 Ill. 592; Shepard v. Butterfield, 41 Ill. 76.

M. W. ROBINSON, attorney for appellee.

The law is well settled that when it is proved or conceded that the record of the judgment sued on is lost, secondary parol evidence of the former existence and contents of the judgment record will be admitted. Forsyth v. Vehmeyer, 55 Ill. App. 223; 13 Am. & Eng. Ency. of Law, 1156; Freeman on Judgments, Secs. 407 and 432b; Abbott's Trial Evidence, 538; Ashley v. Johnson, 74 Ill. 392; Mandeville v. Reynolds, 68 N. Y. 528; Renner v. President D. & Co. Bank of Columbia, 9 Wheaton, 581.

The statutory method of restoring such records does not exclude such proofs. Mobley v. Watts, 98 N. C. 284; Clifton v. Fort, 98 N. C. 173.

This suit was brought in the same court where the original judgment sued on was rendered. If the entire files and records had been in existence, plaintiff would only have been required on the trial to offer in evidence the record of entry of judgment to make a *prima facie* case under the pleadings. Packard v. Hill, 7 Cow. (N. Y.) 434; Hill v. Packard, 5 Wend. (N. Y.) 375; Williams v. McGrade, 13 Minn. 46. The court would, in fact, take cognizance of its own records without requiring their formal production

in the court room. 3 Blacks. Com. 24, 33; 9 Bac. Abr. 556; Adams v. Betz, 1 Watts (Pa.), 425; Prescott v. Fisher, 22 Ill. 390.

If defendant relied for defense on any other matter in the record he should plead it, and produce the proof of that matter by the record. Or if the defense was that something was lacking in the records, as, for instance, jurisdiction of the person of defendant, he could produce all the remainder of the record for the purpose of establishing his defense.

The law of evidence governing the case is the familiar rule that to maintain any issue on a trial the party affirming it is required to produce *prima facie* evidence of his allegation. If the other party offers no opposing proof the *prima facie* evidence is conclusive. The further familiar rule operates also that where one party introduces for his purpose a part of any document the other party may introduce any other part of it, or all the remainder, if he desires it. Fowler v. Stonum, 6 Texas, 60; State v. Hawkins, 81 Ind. 486.

"Only the part of the record concerning the matter in issue need be produced in proof of such matter." 20 Am. & Eng. Ency. of Law, 495.

At common law it is enough in an action on a domestic judgment to produce or prove the record of the judgment alone, without producing the writ or other proceedings, before or after the judgment. If the defendant can derive advantage from proving antecedent or subsequent proceedings he can produce the record of those matters. Abbott's Trial Evidence, 537, n. 2, and cases cited; Rathbone v. Rathbone, 10 Pick. 1; Locke v. Winston, 10 Ala. 849; Haynes v. Cowen, 15 Kan. 637; Lee's Adm'x v. Lee, 21 Mo. 531.

In this case the declaration alleges that plaintiff at a certain time recovered against the defendant, in a certain court, judgment for a certain sum of money, with costs, which still remains unsatisfied as a judgment, *ut patet per recordam*. The plaintiff having thus pointed out to the court the parties to the suit, and date and amount of the

judgment, as matters of record, the court is presumed, in the theory of the law, to examine its own records for itself, so as to ascertain the truth of the averment, without the actual production of the evidence by the plaintiff.    20 Am. & Eng. Ency. of Law, 594, n. 2, and cases cited.

When there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet if the issue joined required on the trial, proof of the facts so defectively stated or omitted, and without which it is not to be presumed the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict.    Keegan v. Kinnare, 123 Ill. 292; 1 Chitty's Pleadings (7th Ed.), pp. 711, 712.

If no motion is made in arrest of judgment, Sec. 6, Chap. 7, R. S., on Amendments and Jeofails, prevents a reversal for any mispleading, insufficient pleading, etc.    Barnes v. Brookman, 107 Ill. 317.

In this connection it may be remarked that the absence of the *ad damnum* clause in the amended declaration in this case can not be urged successfully as a ground for reversal on this appeal.    In Utter v. Jaffray, 15 Ill. App. 236, a motion to amend by increasing the *ad damnum*, where the judgment was for a larger sum than laid in the *ad damnum* clause of the declaration, was allowed in this court.    And appellee craves the benefit of such appropriate motion in this court as if formally made.

An amendment, which could have been made in the court below, to make the pleadings correspond with the proof, will, in the Appellate Court, be deemed to have been made. Hamilton v. Winterrowd, 43 Ind. 393.

Where damages in the complaint were less than the finding, held, that as the defect was amendable at any time below, it would be treated as amended on appeal.    Numbers v. Bowser, 29 Ind. 491; Webb v. Thompson, 23 Ind. 428.

The remaining contention of appellant is his alleged discharge in bankruptcy, pleaded in bar of the judgment debt; to which appellee replies and makes proof that the judgment

was based on the fraud of the defendant, and the debt was for that reason not barred by discharge in bankruptcy.

Discharge in bankruptcy as a defense is not meritorious, but *stricti juris*. The bankruptcy law was intended as a relief for honest debtors only. As a condition precedent to the discharge, the fullest truthfulness, honesty and good faith was required of the applicant in disclosing and surrendering all his assets, and in scheduling only his just liabilities, so that all his property might be fairly applied upon payment of all his honest debts. And the law rigidly prohibited him from obtaining discharge from any liability created by his fraudulent conduct in overreaching his fellowman by deceit, falsehood or sharp practice.

The bankruptcy law, under which appellant seeks shelter, does not discharge the bankrupt from a debt contracted by fraud. U. S. Bankruptcy Act, Section 5116; Bump on Bankruptcy, 741.

While it is true that judgments are among the class of debts provable and dischargeable in bankruptcy, the mere reducing such a claim to judgment does not convert it into a dischargeable debt. The record may be looked into, and if it shows a material and traversable allegation of frand as its sole foundation, the debt may be said to be founded on fraud, and from it the bankrupt's discharge will not release him.

Although the original ground of action may have originated in a contract undertaking, and the plaintiff might have elected to waive the tort and base his claim on the contract, he was not bound to do so. And when, as in this case, the debt was contracted by means of fraudulent representations of the seller, which were relied on by the purchaser and induced the sale, the injured party may sue in tort to recover his damages occasioned by the fraud and deceit in the transaction, and thus secure a more effective process for the enforcement of his recovery; and to such a recovery a discharge in bankruptcy will not be a bar. Bump on Bankruptcy, 742, 743, 753; Eden on Bankruptcy, 110; Horner v. Spelman, 78 Ill. 206; Warner v. Cronkhite, 6 Bis-

sell, 453; Hughes v. Oliver, 8 Penn. St. 426; Field v. Berlizheimer, 9 Brad. 464; First National Bank v. Burkett, 101 Ill. 391.

The question in this case as to the form of action and the matters which were in controversy and determined by the judgment in the original case, can only be tried by the record in that case; and it must be decided by the proof of what that record was. Evidence *aliunde* can not be considered. The settled rule, as laid down in Warner v. Cronkhite, 6 Bissell, 453, is that if " the record of the action shows a material and traversable allegation of fraud as a sole foundation of the action, the debt or demand may fairly be said to be one founded in fraud, and the action to be one founded upon a debt or claim from which the bankrupt's discharge will not release him."

See also 20 Am. and Eng. Ency. of Law, 499, note 1, and cases cited.

Mr. Presiding Justice Adams delivered the opinion of the Court.

This is an appeal from a judgment rendered in an action of debt on a judgment. The declaration is in the usual form in such cases, and alleges that at the July term, 1871, of the Superior Court of Cook County, the plaintiff (appellee) recovered judgment against the defendant (appellant) for the sum of $833.35 damages and costs, the costs amounting to $6.75; that the record of said judgment was destroyed by fire in October, 1871, and was not in existence at the time of the commencement of the suit. The appellant pleaded a discharge in bankruptcy December, 1880, to which plea the plaintiff replied in substance, as follows:

" That the action in which the judgment sued on was rendered was brought to recover damages sustained by the plaintiff by fraud of defendant, by which plaintiff was induced to pay to defendant about $1,200 by false and fraudulent representations of defendant that he owned and had in his possession, ready for delivery, about six hundred cords of wood in Lake county, Indiana; that said action was

founded solely upon fraud of the defendant; that issue was joined in said action upon the allegations made by plaintiff in his declaration, and there being a jury trial a verdict was returned in favor of plaintiff and against the defendant for $833.35, as plaintiff's damages, by reason of said fraud of defendant; that the judgment sued on was rendered upon said verdict, and was founded solely upon said fraud."

To this replication the defendant filed a rejoinder substantially traversing all its material allegations. The case was tried by the court, by agreement of the parties without a jury. The appellee called as a witness James Frake, an attorney, who testified that he brought the suit in which the judgment sued on was rendered, and drew the declaration, to which the defendant pleaded not guilty; that he kept a docket which he still had, in which he made entries of all steps taken in the case; that the suit was brought July 16th, and the declaration, of which he had not preserved a copy, was filed July 21, 1870; that the verdict was rendered May 9, 1871, and that the judgment was rendered July 29, 1871. The witness further testified that there was a formal verdict of guilty, assessing the plaintiff's damages at the sum of $833.35, signed by the foreman, and also that there was the usual judgment on such verdict, giving the form, and that about a month after the verdict was rendered he examined the record and found the judgment recorded, and that all the records in the case, including the record of the judgment, were burned by the Chicago fire of October, 1871.

Appellant's counsel contended, on the trial, that it was not competent to prove by parol the contents of the burned record; that it was incumbent on appellant to restore the record in the manner prescribed by the statute, and the admission of oral testimony to prove the record is assigned as error, but as they have not urged this objection in argument, we might consider it waived. On a former appeal in this case, the court held, that such proof is competent. Forsyth v. Vehmeyer, 55 Ill. App. 223; see also Black on Judgments, Sec. 969, and cases cited; Freeman on Judgments, Sec. 407; 1 Greenleaf on Evidence, Sec. 509; Man-

deville v. Reynolds, 68 N. Y. 528; Ashley v. Johnson, 74 Ill. 392.

Numerous other authorities might be cited to the same effect. The rule that the record or an exemplified or sworn copy thereof, must be produced, is limited to cases in which it is within the power of the party relying on the record to produce such evidence. 1 Greenl. on Ev., Sec. 86; 2 Jones' Law of Evidence, Sec. 641.

In Church v. Hubbard, 2 Cranch, 187, Marshall, C. J., delivering the opinion, says: "The principle that the best testimony shall be required which the nature of the thing admits of, or in other words, that no testimony shall be received which presupposes better testimony attainable by the party who offers it, applies to foreign laws as it does to all other facts."

The statutory method of restoring records does not preclude proof by parol. Mobley v. Watts, 98 N. C. 284; Clifton v. Fort, 98 N. C. 173.

In Weatherhead's Lessee v. Baskerville, 11 How. 360, the court say: "The rule in respect to judicial records is, that before inferior evidence can be received of their contents their existence and loss must be clearly accounted for. It must be shown that there was such a record, that it has been lost or destroyed, or is otherwise incapable of being produced, or that its mutilation from time or accident has made it illegible."

It is objected that even though the evidence was competent, it was insufficient to prove that record of the judgment. In addition to the testimony of the witness Frake, that he saw and examined the record of the judgment, R. R. Stevens, formerly in the employ of Chase Brothers & Company, abstract makers, being called as a witness, produced a book in which he had made entries of all proceedings in the suit in which the judgment sued on was rendered. He testified that the entries were taken from the original files and records and were correct. These entries showed the title of the suit, the name of the action ("trespass on the case"), when suit was commenced, the date and

amount ($833.35) of the verdict, the motion for a new trial, the·overruling of the motion July 29, 1871, and judgment on the verdict, etc.   The witness further testified that he obtained the entry of the judgment in the first place from the clerk's minute book, but subsequently compared it with the record.   He also testified that the originals from which his entries were made were destroyed by the great fire of October, 1871.   A paper was admitted in evidence, by agreement of counsel, showing the entries made by the witness, which will be better understood by examination of the record than as printed in the abstract.   We think the evidence sufficient to prove the former existence of the record of the judgment, and that it was destroyed by fire in October, 1871.

Appellant claims that by his discharge in bankruptcy, which was put in evidence, he was discharged from the judgment sued on.   His contentions under this claim are, first, that the action in which the judgment was rendered was assumpsit; secondly, if it was an action in tort for fraud, the declaration was defective in not alleging knowledge on his part of the falsity of the representations alleged to have been made by him, and, thirdly, that even though the gist of the action was fraud, the fraud was merged in the judgment, and his discharge in bankruptcy operated to discharge him from the judgment.

The witness Frake testified, as before stated, that the original declaration was destroyed by the October fire; that he had no copy of it; that it contained only one count; that he used Chitty and Puterbaugh in drawing it; that he knew the substance of it, and that before the former trial of this case, and in the fall of 1893, he drafted what was a substantial copy of it, which he then had in court.   The witness then testified that the declaration, in substance, was as follows:

"Superior Court of Cook County, to the July term, or of the August term, 1870.   County of Cook and State of Illinois.   Henry F. T. Vehmeyer, by Buschnell & Frake, his attorneys, plaintiff, complains of Jacob Forsyth, defend-

ant, etc., in a plea of a trespass on the case. For that whereas, heretofore, to wit, on the 10th day of August, 1868, in order to induce plaintiff to advance to him a large amount of money, to wit, the sum of $1,500 (I think the declaration would say $1,200), falsely and fraudulently represented unto the plaintiff that he had a large amount of birch cordwood, to wit, two hundred cords, cut and piled up near the Pittsburg & Ft. Wayne, in the county of Lake and State of Indiana, ready to be shipped to Chicago. That said wood was contracted, or rather, perhaps, one Eldridge had contracted to purchase said wood at $6 per cord in the city of Chicago, when shipped, and that if Vehmeyer, the plaintiff, would advance to him at the rate of $5 per cord for the 200 cords of wood, he, the defendant, would immediately ship said cordwood to the city of Chicago. That the plaintiff Vehmeyer, relying upon these representations as being true, advanced to the defendant the said sum of—I think the declaration said the sum of—$1,200 or $1,000; that the defendant shipped only the sum of forty cords of wood to the said Eldridge, from which he, said Vehmeyer, received the sum of $6 per cord. (I don't know whether it is right or not.) That the representations of the defendant falsely—were false and fraudulent; that he did not have nor ever did have, in the county of Lake and State of Indiana, 200 cords of birch cordwood piled up and ready for shipment to the city of Chicago to sell said Eldridge, but only had—neither in the county of Lake nor anywhere else—the sum of forty cords of birch cordwood, which was shipped by the said defendant to the said Eldridge. Wherefore the plaintiff was damaged to the extent of $1,500 (was the amount that was alleged in the declaration) and hence he brings this action of fraud and deceit against the defendant."

The witness was not allowed to read from the paper which he had prepared before the former trial, and which he said was a substantial copy of the original declaration, and was frequently interrupted in testifying as to the declaration. The declaration testified to is too plainly in

tort, for false and fraudulent representations, to require argument. The allegation that the representations were false and fraudulent implies that appellant knew of their falsity. The same objection was made in Merwin v. Arbuckle, 81 Ill. 501, and Nolte v. Reichelm, 96 Ill. 425, with reference to instructions, and the court, in the latter case, say: "It is next contended that appellee's instructions 2 and 3 are erroneous, for the reason that they do not inform the jury that the false representation must have been knowingly made. The instructions, in express terms, inform the jury that the representations, to be actionable, must have been fraudulently made. The same objection was urged to an instruction in Merwin v. Arbuckle, 81 Ill. 501, and it is there said: 'As the *scienter* enters into and is necessary to a fraudulent representation, the instruction virtually informed the jury that the representations must have been made knowing them to be false. Then, when they were virtually informed that they must have been fraudulent, they were, in substance, told that they must have been not only false, but plaintiff in error knew it.' But even though an express allegation of the *scienter* were necessary, its omission would be cured be the verdict." Gerke v. Fancher, 158 Ill. 375; Dama v. Kaltwasser, 72 Ill. App. 140; citing Illinois Cent. R. R. Co. v. Simmons, 38 Ill. 242, and other cases.

The bankrupt act, under which appellant's discharge was granted, provided as follows:

"No debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in a fiduciary character, shall be discharged by proceedings in bankruptcy, but the debt may be proved, and the dividend thereon shall be a payment on account of such debt." Bump on Bankruptcy, 741.

Whether the judgment sued on was for fraud, is a question to be determined from the record. Flanagan v. Pearson, 14 Nat. Bank. Reg. Rep. 37; 42 Tex. 1.

We think it clear that the judgment in question was recovered for the fraud of appellee, and that his discharge in bankruptcy did not discharge him therefrom. Bump on

Forsyth v. Vehmeyer.

Bankruptcy (10th Ed.), pp. 741, 743, and cases cited; Eden on Bankruptcy, 110; Horner v. Spelman, 78 Ill. 206; Warner v. Cronkhite, 6 Bissell, 453; In re Devoe, 2 Nat. B. Reg. Rep. 27; Hughes v. Oliver, 8 Penn. St. 426.

Appellant urges that the judgment being provable, it is discharged. This contention is untenable, because the same section of the statute which excepts a debt created by fraud from the discharge, provides that it may be proved. Even though appellee had proved his judgment in bankruptcy, and obtained a dividend less than the amount thereof, this would not operate to discharge appellant from the unpaid balance. Stokes v. Mason, 12 Nat. Bank. Reg. Rep. 498; 10 R. I. 261.

The evidence is, that no part of the judgment has been paid. Appellant's counsel object to the exclusion of evidence tending to prove that there was no fraud in the transaction in respect of which the judgment was recovered. Such evidence is incompetent, and it was properly excluded. Forsyth v. Vehmeyer, 55 Ill. App. 223, and Flanagan v. Pearson, *supra*.

There was only one count in the declaration, and it was held in the last case that whether the judgment was reversed for fraud is not a question for the jury, but must be determined from the record. The suit having been in case for fraud, and the declaration having been framed accordingly, the judgment is conclusive as to the fraud, and the fraud is not, as contended by appellant's counsel, merged in the judgment. Shuman v. Strauss, 52 N. Y. 404.

Appellant assigns as error the sustaining a demurrer to his additional plea. The demurrer assigned specially that the plea is double, which it is, and is otherwise defective. The demurrer was properly sustained.

It is objected that the amended declaration contains no *ad damnum*. The original declaration concludes with an *ad damnum*, and we are inclined to the opinion that the amended declaration may be regarded as an additional count, and the *ad damnum* in the original as applying to the whole declaration. No specific objection was made to the amended

declaration for want of an *ad damnum* in the trial court, nor was any motion made in arrest of judgment, and the objection, therefore, can not be availed of here. Barnes v. Brookman, 107 Ill. 317; Utter v. Jaffray, 15 Ill. App. 236.

Lastly, it is objected that the damages are excessive. The court found the issues for the plaintiff and found the debt to be $833.35, and assessed the plaintiff's damages at the sum of $2,076.90. The evidence was that the interest due at the date of the judgment was $1,242.74, and the damages should have been assessed at the latter amount only.

The court, in assessing the damages, evidently included the amount of the debt, $833.35, in the damages, and judgment was entered accordingly. Deducting from $2,076.90 the amount assessed as damages, $833.35, the remainder is $1,243.55. Appellee has filed a remittitur of all damages in excess of $1,242.74, the amount of the interest. A remittitur of $834.16 from the amount of the damages, $2,076.90, will be entered here, so that the judgment will be for $833.35 debt and $1,242.74 damages, and the judgment will be affirmed with directions to the trial court to enter a like remittitur in that court. Appellant not having specifically called the attention of the trial court to the excess of damages, he will not recover costs in this court.

Affirmed with directions.