Vernon Quade et al., Plaintiffs-Appellees, v. George
Zicos, Defendant-Appellant, Max P. Rudolph et al.,
Defendants.

Term No. 56–M–11.

Fourth District.

June 27, 1956.

Released for publication July 13, 1956.

Howard W. Campbell, and Craig & Craig, all of Mt.
Vernon, for defendant-appellant.

J. A. Gochenour, of St. Louis, Missouri, and Joseph
R. Bartylak, of Collinsville, for plaintiffs-appellees;
James O. Monroe, Jr., of Collinsville, of counsel.

PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

This is an appeal from an order appointing a temporary receiver to operate a certain oil leasehold and authorizing the receiver to employ attorneys, agents and necessary personnel.

The plaintiffs, as owners of one-eighth of the working interest filed this suit in June of 1953, naming George Zicos as sole defendant, and he answered admitting he was operating the leasehold under an agreement with the owners but denying all other allegations of the complaint. Nothing was done in the case for more than a year. Then in November of 1954 an amended complaint was filed purporting to add as defendants the other persons then owning the remaining interests. The amended complaint charged Zicos with various acts of negligence, waste and mismanagement of the property, and prayed for an accounting, that the agreement be cancelled, set aside and declared null and void so far as it allows Zicos to operate the lease, and for a receiver during pendency of the actions.

Thereafter, in March of 1955 plaintiffs moved for appointment of a receiver. Only Zicos was notified of the hearing; the other defendants were not yet in court. The report of proceedings of this "hearing" shows only that Zicos then swore to his answer and produced the original of the agreement. No evidence was offered by plaintiff, and no order was entered by the court.

In the ensuing months service was obtained on the other defendants and 11 of them filed sworn answers denying the allegations of the complaint and asserting that the leasehold is operated satisfactorily and there is no reason to change the terms of the agreement. These persons represent approximately 50 per cent of the total working interest. The last of these answers was filed in August of 1955.

562

More than 6 months later, on February 24, 1956 (2 years and 8 months after suit was filed), without hearing or notice to anyone, and without requiring plaintiffs to file a bond, the court entered the order appointing the receiver, from which Zicos has perfected this interlocutory appeal.

In thus appointing a receiver, the court has, in effect, taken over the custody and management of an operating property, saddling the expense thereof on the property, and depriving Zicos of his contractual rights; basing this action on the charges of a small minority of the owners without a shred of evidence to support them.

The plaintiffs seek to support this order on the ground of an emergency, although the chronology above set forth fails to indicate that plaintiffs, their counsel, or the court were convinced of any emergency.

This court has previously considered the use of emergency powers of the court in designating a receiver to operate oil production. Simpson v. Adkins, 311 Ill. App. 543, 550.

We there recognized the power of a court of chancery to appoint a receiver to prevent injury and to do complete justice. But we observed that this should not be done without notice unless absolutely necessary. Particular attention was directed to the statute which restricts the power of the court to take such emergency action without requiring a plaintiff's bond. That statute is Sec. 54, Ch. 22, Ill. Rev. Stat. and reads as follows:

"That before any receiver shall be appointed the party making the application shall give bond to the adverse party in such penalty as the court or judge may order and with security to be approved by the court or judge conditioned to pay all damages including reasonable

attorneys fees sustained by reason of the appointment and acts of such receiver, in case the appointment of such receiver is revoked or set aside; provided, that bond need not be required, when for good cause shown, and upon notice and full hearing, the court is of opinion that a receiver ought to be appointed without such bond."

We have considered the cases cited by the plaintiffs in support of the action taken by the court, but in each instance we believe situations of a different character were involved. A clear emergency existed or the defendant consented, or there was some other legal basis supporting the appointment. Thus, in McDougall Co. v. Woods, 247 Ill. App. 170, the last part of the opinion shows that bonds had been filed. In Roberts v. American Bonding & Trust Co., 83 Ill. App. 463 evidence had been heard by the trial judge.

As to the effect of acting upon grounds fully denied, we think the holding in Klass v. Yavitch, 302 Ill. App. 229, based on 53 Corpus Juris, Sec. 66, that in such case the plaintiff should be required to produce proof, is sound, and departure therefrom should be discouraged.

Plaintiffs also cite the case of Russell v. Chicago Trust & Savings Bank, 40 Ill. App. 385, 388 to the effect that a person brought into the case after the appointment of a receiver should move for his discharge if he desired to complain. Of course, that would be the rule as to a prior valid appointment, but has no application in this case. There are no new parties hereto who were brought in after the appointment appealed from.

In our opinion the action taken in this case does not remotely resemble the notice and full hearing contemplated by the statute. Accordingly, the order

appointing a receiver is reversed, and the cause remanded.

Reversed and remanded.

BARDENS and CULBERTSON, JJ., concur.