DEVLIN (UNITED STATES v.). See Cases Nos. 14,953–14,955.

## Case No. 3,843.

### In re DEVOE.

[2 N. B. R. 27 (Quarto, 11); 1 Lowell, 251; 1 Am. Law T. Rep. Bankr. 90; 7 Am. Law Reg. (N. S.) 690.][1]

District Court, D. Massachusetts. June, 1868.

FEDERAL JURISDICTION—HABEAS CORPUS — BANKRUPT IMPRISONED ON STATE PROCESS — PLEADING AND EVIDENCE.

1. Where a bankrupt is held under arrest upon state process in an action of tort, in the nature of deceit, it being alleged in the declaration that he obtained possession of the plaintiff's goods under color of a contract, by means of false and fraudulent representations, the United States district court has no power to discharge the bankrupt upon a petition for a writ of habeas corpus.

[Approved in Re Kimball, Case No. 7,768. Followed in Re Whitehouse. Id. 17,564. Cited in Re Alsberg, Id. 261.]

2. Evidence cannot be received to contradict the declaration and to show that no such cause of action really exists as is therein set forth.

C. A. & G. M. Reed, for petitioner.

A. Russ, for respondent.

LOWELL, District Judge. The petitioner alleges that he was duly adjudged a bankrupt by the district court of the southern district of New York, on the 26th of May, last, and that pending the proceedings in bankruptcy, to wit, June 1st, 1868, he was arrested in this city, in a civil action at the suit of one John C. Nicholos, and is still imprisoned on the writ then issued, and that the action is founded on a debt or claim from which his discharge in bankruptcy would release him. A writ of habeas corpus was issued in accordance with rule 27 of the supreme court rules in bankruptcy [Rice, Manual, 115], and by the return it appears that the writ contains a declaration in tort in the nature of deceit, alleging certain false and fraudulent representations and inducements, whereby the present petitioner is said to have procured from the plaintiff an assignment of a complete stock in trade, including goods, choses in action, &c., in exchange for a note averred to be of much less value than was represent-

[1] [Reprinted from 2 N. B. R. 27 (Quarto, 11), by permission. 1 Lowell. 251, contains only a condensed report.]

ed, if not wholly worthless. The jurisdiction of this court over the subject matter, and the pendency of the proceedings in bankruptcy in New York, are admitted, and the question agreed is whether this is such an arrest as is prohibited by section 26 of the bankrupt act. And this may be divided into two questions: First, whether the declaration shows a debt which would be discharged by the certificate; and second, if not, whether evidence can be received to contradict the declaration and to show that no such cause of action really exists as is there set out. but only a debt provable in bankruptcy and discharged by the certificate, if any cause of action there be. By section 19 [of the bankrupt act of 1867 (14 Stat. 525)], all demands against a bankrupt for or on account of any goods or chattels wrongfully taken, converted or withheld by him, may be proved and allowed as debts to the amount of the value of the property so taken or withheld, with interest, and by a subsequent clause of the same section the court may cause such damages, if liquidated, to be assessed in such mode as it may deem best, and the sum so assessed may be proved. The declaration in this case is not very artificially drawn, but it seems clear that the gist of the action is the fraud and not the conversion. The facts alleged might be sufficient to show that a merely voidable title had been obtained to the property out of which the plaintiff declares himself to have been defrauded, and if he had elected so to do, he might, perhaps, have avoided the sale and have maintained trover for the goods and chattels; but he could not have done so for the book debts, and he naturally preferred to declare for his whole damages in one action, and accordingly he has not declared in trover. Another answer to this part of the case is that trover could not be maintained excepting upon the ground that the fraud would authorize the plaintiff to rescind the bargain and demand back the goods, and in that case the goods considered as a debt provable in bankruptcy would be one created by the fraud of the bankrupt, which, by section 33, would not be discharged by the certificate, though it would, perhaps, be provable. If proved, all actions must be stayed by section 21, but this debt has not been proved, and this brings us to the main point of dispute.

The petitioner contends that he has the right to aver and prove, in reply to this return, that the allegations of fraud contained in the plaintiff's declaration are false, and that the plaintiff has no just cause of action whatever against him on the footing of a fraud. This point is not open to the petitioner. The words of the statute are that no bankrupt shall be liable to arrest, during the pendency of the proceedings in bankruptcy, in any civil action, unless the same is founded on some debt or claim from which his discharge in bankruptcy would not release him. Now, upon inspection of this writ, it appears to be founded on such a

claim, namely, a claim of damages for deceit. Whether that claim is well or ill-founded is a question that must be left to the tribunal before which the case is brought. It is impossible that I should try it on habeas corpus. Suppose the declaration were for damages in trespass or case, slander or assault, it is very plain that I could not inquire, on habeas corpus, whether any assault or slander had been committed; even the court before whom the case is pending could not do that. And this is admitted in argument. But how does it vary the case that the action is founded on a fraud which the petitioner says never was committed? If no fraud was committed, the plaintiff has no just cause of action concerning the matters declared on, but that does not show that the action is founded on a debt or claim from which the discharge in bankruptcy would release him, but only that it has no foundation whatever.

It is said that Judge Blatchford has decided that the district court will, on habeas corpus, inquire into the fact of fraud, and uphold or discharge the arrest according to the result of the inquiry. In re Kimbal [Case No. 7,767]; In re Glaser [Id. 5,474]. But in both these cases the action was founded upon a simple contract debt, which, on its face, would be provable and discharged in bankruptcy, and the arrest only was founded on ex parte affidavits of fraud. And, if I am rightly informed of the New York practice, such an arrest might be discharged by the court that ordered it, and perhaps by some other courts upon just such a preliminary hearing as Judge Blatchford granted. If so, it was of no special consequence whether one court or the other should undertake that investigation; both having jurisdiction of assets of bankrupts. The course taken was certainly a liberal one for the creditor who had not in terms founded his action on the fraud; but it would seem to work equal and exact justice under the operation of the laws of arrest in New York. I am not sure that in the district the creditor must not stand or fall on the record on which he causes the arrest to be made. In this case the whole foundation of the action is the fraud, and the arrest is only an incident, not depending at all on the fraud, but on the fact that the defendant is a non-resident; and to try the question of fraud is to try not merely the validity of the arrest, but the whole case. This action is a civil action, but it is not founded on any debt, excepting in the very largest sense, certainly not on any provable and dischargeable debt; and if every allegation in the writ be wholly false and malicious, still it is a matter with which this court has not, under this part of the law, any more concern than if the petitioner were not a bankrupt. I have no authority, in this summary mode, to relieve from imprisonment, on state process, persons who, whether bankrupts or not, are unjustly charged concerning matters not coming within my cognizance. What remedies there may be in such an extreme case it is not necessary to inquire. It is strongly urged, by the provisions of the act of February 5, 1867 (14 Stat. 385, § 1), that the petitioner may aver and prove any facts which tend to show that he is unjustly detained under the forms of law and under state authority in contravention of the constitution or laws of the United States. That statute enlarges the jurisdiction of this court, and gives me power to hear and determine this case, and it certainly intends that the return to the writ should not be conclusive, but that the real facts of the detention may be shown by evidence. But I do not understand that it expects a judge to decide the merits of a case on habeas corpus. In deciding that the arrest of the petitioner is not prohibited by the bankrupt law, I have not decided that he is not imprisoned in contravention of the very law of the United States that has been relied on for his release.