392 . ASHLEY v. JOHNSON et al. [Sept. T.

Opinion of the Court.

# HARVEY D. ASHLEY

### v.

# HORACE I. JOHNSON et al.

1. EVIDENCE — *competent to prove the fact of the execution of a writing by oral testimony.* On the trial of an action for a false arrest, it is competent to prove, by the justice of the peace who issued the warrant upon which the arrest was made, the fact that a written affidavit was made before him on which he issued the warrant.

2. SAME — *when contents of an affidavit may be proved by oral evidence.* Where a justice of the peace who issued a warrant for the arrest of a plaintiff in an action for false imprisonment, testifies to the fact that an affidavit in writing was made before him, upon which the warrant was issued, and the loss of the affidavit is proved, it is competent to prove its contents by oral evidence.

APPEAL from the Circuit Court of Livingston county; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

Mr. S. S. LAWRENCE, for the appellant.

Mr. WILLIAM T. AMENT, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by Harvey D. Ashley against Horace I. Johnson and O. C. Kilbury, in the circuit court of Livingston county, to recover for an alleged false arrest.

A default was entered as to O. C. Kilbury, and the defendant Johnson pleaded the general issue ; a stipulation was filed that Johnson might introduce any and all evidence under the general issue that might or could be introduced under special pleas.

The cause was tried before a jury, and the defendant Johnson found not guilty, and the damages of plaintiff assessed at $25, against Kilbury.

The plaintiff entered a motion for a new trial which the court overruled, and rendered judgment upon the verdict.

The plaintiff brings the record here, and relies upon two grounds to obtain a reversal of the judgment.

First. The court admitted improper evidence for the defendant.

Second. The verdict of not guilty, as to Johnson, is against the weight of evidence.

The facts, in brief, out of which this litigation grew are these: On the 27th day of October, 1871, the plaintiff was driving through Livingston county a large herd of cattle. When near Fairbury, six head of cattle belonging to the defendant Johnson, by some means got into the drove and were being driven off with the herd. Johnson missed his cattle and followed the plaintiff to Fairbury, and at that place made some efforts to obtain them but did not succeed.

The plaintiff then went on with the drove, and when about two miles from Fairbury he was again overtaken by Johnson and a constable. Johnson obtained his cattle, and the plaintiff was arrested by the constable and taken to the office of a justice of the peace in Fairbury, where he remained a short time and left; on the next day he was again arrested by the defendant Kilbury and taken before the same justice of the peace, where a trial was had and he was discharged.

The evidence admitted to which exception was taken, was that of Ross, the justice of the peace. He was asked to state if a written affidavit was made before him upon which he issued the warrant under which the arrest was made.

We perceive no objection to this evidence. It was competent for the witness to state the fact that an affidavit was made; this the court permitted, but did not at that time allow the witness to state the contents of the affidavit.

After this, proof was introduced as to the loss of the affidavit, and the court allowed the contents of it to be proven. In this we see no error, as the proof was not objected to on the ground that the loss had not been established, but alone on the ground that it had not been legally established that an affidavit had ever existed.

50—74TH ILL.

In regard to the other point made, that the verdict as to the defendant Johnson is contrary to the evidence. Without entering upon a critical review of the testimony introduced before the jury, it is a sufficient answer to the position assumed, that there is a clear and direct conflict of evidence, which it was the duty of the jury so far as possible to reconcile. This they did, and while we might be inclined to the belief that the verdict should have been the other way, yet we cannot on that ground disturb the finding.

This court has repeatedly held that where the evidence is conflicting we will not disturb the finding, unless the verdict is clearly against the weight of evidence. Such this record does not disclose. The judgment will therefore be affirmed.

*Judgment affirmed.*