JACOB FORSYTH

v.

HENRY T. VEHMEYER.

176  359
82a 230

176   359
s177 US177

176    359
201   ⁴589

*Opinion filed October 24, 1898—Rehearing denied December 8, 1898.*

1. EVIDENCE—*the contents of burnt judgment record may be proved by parol.* The rule that the record of a judgment, or an exemplified or sworn copy thereof, must be produced to sustain an action of debt thereon, is limited to cases in which it is within the power of the plaintiff to produce such evidence, and does not apply where the record of the judgment has been destroyed by fire, and for that reason cannot be produced.

2. SAME—*what sufficient secondary proof that action was brought for fraud.* The testimony of the attorney who drew the declaration in a suit the record and files of which, containing the only copy of the declaration, had been destroyed by fire, that the declaration alleged the defendant induced plaintiff to advance him money by falsely and fraudulently representing certain facts, sufficiently shows that the action was for fraud.

3. PLEADING—*effect of allegation that a thing was falsely and fraudulently done.* An allegation in a declaration that certain representations by the defendant for the purpose of obtaining money were falsely and fraudulently made, implies that defendant was aware of their falsity.

4. BANKRUPTCY—*discharge in bankruptcy does not affect debt created by fraud.* A discharge in bankruptcy is no defense to an action of debt upon a judgment rendered in an action for fraud prior to the bankruptcy proceedings, nor would the receipt of a dividend on such judgment, had it been proved in the bankruptcy proceedings, operate to discharge the unpaid balance.

5. APPEALS AND ERRORS—*objection that amended declaration omits the ad damnum must be made below.* An objection that an amended declaration contains no *ad damnum* will not be considered on appeal, in the absence of any specific objection in the trial court or on motion in arrest of judgment.

6. COSTS—*when appellant is not entitled to costs on remittitur of excess damages on appeal.* Appellant who fails to specifically call the attention of the trial court to the fact that the damages allowed in an action of debt are excessive is not entitled to recover his costs upon the entry in the Appellate Court of a *remittitur* of such excess of damages.

*Forsyth* v. *Vehmeyer*, 75 Ill. App. 308, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

THOMAS J. MERRIFIELD, and ROBERT G. HALL, for appellant.

M. W. ROBINSON, for appellee.

Per CURIAM: This case is brought by appeal from the Appellate Court for the First District. The opinion of that court, by ADAMS, P. J., is as follows:

"This is an appeal from the judgment rendered in an action of debt on a judgment. The declaration is in the usual form in such cases, and alleges that at the July term, 1871, of the superior court of Cook county the plaintiff (appellee) recovered a judgment against the defendant (appellant) for the sum of $833.35 damages and costs, the costs amounting to $6.75; that the record of the said judgment was destroyed by fire in October, 1871, and was not in existence at the time of the commencement of this suit. The appellant pleaded a discharge in bankruptcy in December, 1880, to which plea the plaintiff replied, in substance, as follows: That the action in which the judgment sued on was rendered was brought to recover damages sustained by the plaintiff by fraud of defendant, by which plaintiff was induced to pay to defendant about $1200 by false and fraudulent representations of defendant that he owned and had in his possession, ready for delivery, about six hundred cords of wood in Lake county, Indiana; that said action was founded solely upon fraud of defendant; that issue was joined in said action upon allegations made by the plaintiff in this declaration, and there being a jury trial, a verdict was returned in favor of the plaintiff, and against the defendant, for $833.35, as plaintiff's damages by reason of said fraud of defendant;

that the judgment sued on was rendered upon said verdict and was founded solely upon fraud. To this replication defendant filed a rejoinder substantially traversing all of its material allegations. The case was tried by the court, by agreement of the parties, without a jury.

"The appellee called as a witness James Frake, an attorney, who testified that he brought the suit in which the judgment sued on was rendered, and drew the declaration to which the defendant pleaded not guilty; that he kept a docket, which he still had, in which he made entries of all steps taken in the case; that the suit was brought July 16, and the declaration, of which he had not preserved a copy, was filed July 21, 1870; that the verdict was rendered May 9, 1871, and that the judgment was rendered July 29, 1871. The witness further testified that there was a formal verdict of guilty, assessing the plaintiff's damages at the sum of $833.35, signed by the foreman, and also that there was the usual judgment on such verdict, giving the form, and that about a month after the verdict was rendered he examined the records in the case, including the record of the judgment, and that the same were burned by the Chicago fire of October 8, 1871.

"Appellant's counsel contended, on the trial, that it was not competent to prove by parol the contents of the burned record; that it was incumbent on appellant to restore the record in the manner prescribed by the statute, and the admission of the oral testimony to prove the record is assigned as error, but as they have not urged this objection in argument we might consider it waived. On a former appeal in this case the court held against the contention that such proof is incompetent. *Forsyth* v. *Vehmeyer*, 55 Ill. App. 223. See, also, Black on Judgments, sec. 969, and cases cited; Freeman on Judgments, sec. 407; 1 Greenleaf on Evidence, sec. 509; *Mandville* v. *Reynolds*, 68 N. Y. 528; *Ashley* v. *Johnson*, 74 Ill. 392. Numerous other authorities might be cited to the same effect.

"The rule that the record, or an exemplified or sworn copy thereof, must be produced, is limited to cases in which it is within the power of the party relying on the record to produce such evidence. 1 Greenleaf on Evidence, sec. 86; 2 Jones on Law of Evidence, sec. 641.

"In *Church* v. *Hubbard*, 2 Cranch, 178, Marshall, C. J., delivering the opinion, says: 'The principle that the best testimony shall be required which the nature of the thing admits, or, in other words, that no testimony shall be received which presupposes better testimony attainable by the party who offers it, applies to foreign laws as it does to all other facts.'

"The statutory method of proving statutory records does not preclude proof by parol. *Mably* v. *Watts*, 98 N. C. 284; *Clifton* v. *Fort*, id. 173.

"In *Weatherheads* v. *Baskerville*, 11 How. 329, the court said: 'A rule in respect to judicial records is, that before inferior evidence can be received of their contents the loss of their existence must be clearly accounted for. It must be shown that there was such a record; that it has been lost or destroyed, or is otherwise incapable of being produced, or that its mutilation from time or accident has made it illegible.'

"It is objected that even though the evidence was competent, it was insufficient to prove the record of the judgment. In addition to the testimony of the witness Frake that he saw and examined the record of the judgment, R. R. Stevens, formerly in the employ of Chase Bros. & Co., abstract makers, being called as a witness, produced a book in which he had made entries of all proceedings in the suit in which the judgment sued on was rendered. He testified that the facts were taken from the original files and records, and were correct. These entries showed the title of the suit, the name of the action, ('trespass on the case,') when the suit was commenced, and the date and amount ($833.35) of the verdict, a motion for a new trial, the overruling of the motion

July 29, 1871, and judgment on the verdict, etc. The witness further testified that he obtained the entry of the judgment in the first place from the clerk's minute book, and subsequently compared it with the record. He also testified that the originals from which the entries were made were destroyed by the great fire of October, 1871. A paper was admitted in evidence, by agreement of counsel, showing the entries made by the witness, which will be better understood by an examination of the record than as printed in the abstract. We think the evidence sufficient to prove the former existence of the record of the judgment, and that it was destroyed by fire in October, 1871.

"Appellant claims that by his discharge in bankruptcy, which was put in evidence, he was discharged from the judgment sued on. His contentions under this claim are: First, that the action in which judgment was rendered was assumpsit; secondly, if it was an action in tort for fraud, the declaration was defective in not alleging knowledge on his part of the falsity of the representations alleged to have been made by him; thirdly, that even though the gist of the action was fraud, the fraud was merged in the judgment, and his discharge in bankruptcy operated to discharge him from the judgment.

"The witness Frake testified, as before stated, that the original declaration was destroyed by the October fire of 1871; that he had no copy of it; that it contained only one copy; that he knew the substance of it, and that before the former trial of this case, in the fall of 1893, he drafted what was a substantial copy of it, which he then had in court. The witness then testified that the declaration, in substance, was as follows:

"'Superior Court of Cook county.—To the July term, or of the August term, 1870.—County of Cook and State of Illinois.—Henry F. T. Vehmeyer, (by Buschnell & Frake, his attorneys,) complainant, complains of Jacob Forsyth, defendant, summoned, etc., in a trespass on the

case. For that whereas, heretofore, to-wit, on the 10th day of August, 1868, in order to induce plaintiff to advance him a large amount of money, to-wit, the sum of $1500, (I think the declaration would say $1200,) falsely and fraudulently represented unto the plaintiff that he had a large amount of birch cord-wood, to-wit, two hundred cords, cut and piled up near the Pittsburgh and Ft. Wayne, in the county of Lake and State of Indiana, ready to be shipped to Chicago; that said wood was contracted, or rather, perhaps, one Eldridge had contracted to purchase said wood at $6 per cord in the city of Chicago, when shipped, and that if Vehmeyer, the plaintiff, would advance to him at the rate of $5 per cord for the two hundred cords of wood, he, the defendant, would immediately—well, the defendant would immediately ship said cord-wood to the city of Chicago; that the plaintiff, Vehmeyer, relying upon the representation being true, advanced to the defendant the said sum of (I think the declaration said the sum of $1200 or $1000); that the defendant shipped only the sum of forty cords of wood to the said Eldridge, from which he, the said Vehmeyer, received the sum of $6 per cord (I don't know whether it is right or not); that the representations of the defendant, falsely, were false and fraudulent; that he did not have nor never did have in the county of Lake and State of Indiana two hundred cords of birch cord-wood piled up and ready for shipment to the city of Chicago to said Eldridge, but only had—neither in the county of Lake nor anywhere else—the sum of forty cords of birch cord-wood which was shipped by the said defendant to the said Eldridge. Wherefore the plaintiff asks damages to the extent of ($1500 was the amount that was alleged in the declaration,) and hence he brings this action of fraud and deceit against the defendant.'

"The witness was not allowed to read from the paper which he had prepared before the former trial and which he said was a substantial copy of the written declaration,

and was frequently interrupted in testifying as to the declaration. The declaration testified to is too plainly in tort for false and fraudulent representations to require argument. The allegation that the representations were false and fraudulent implies that appellant knew of their falsity. The same objection was made in *Merwin* v. *Arbuckle,* 81 Ill. 501, and *Nolte* v. *Reichelm,* 96 id. 425, with reference to instructions, and the court in the latter case says: 'It is next contended that appellee's instructions 2 and 3 are erroneous, for the reason that they do not inform the jury that the false representation must have been knowingly made.' The instructions in express terms informed the jury that the representations, to be actionable, must have been fraudulently made. The same objection was urged to an instruction in *Merwin* v. *Arbuckle,* 81 Ill. 501, and it is there said: 'As the *scienter* enters into and is necessary to a fraudulent representation, the instruction virtually informed the jury that the representations must have been made knowing them to be false. Then, when they were informed that they must have been fraudulent, they were, in substance, told they must have been not only false, but plaintiff in error knew it.' But even though an express allegation of the *scienter* were necessary, its omission would be cured by the verdict. *Gerke* v. *Fancher,* 158 Ill. 375; *Illinois Central Railroad Co.* v. *Simmons,* 38 id. 242, and other cases.

"The Bankruptcy act, under which appellant's discharge was granted, provided: 'No debt created by fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in a fiduciary character, shall be discharged by proceedings in bankruptcy, but the debt may be proved and the dividend thereon shall be a payment on account of such debt.' (Bump on Bankruptcy, 741.) Whether the judgment sued on was for fraud is a question to be determined from the record. (*Flannagan* v. *Pearson,* 14 Nat. Bank. Reg. 37; 42 Tex. 1.) We think it clear that the judgment in question was re-

covered for fraud of appellee, and that his discharge in bankruptcy did not discharge him therefrom. Bump on Bankruptcy, (10th ed.) pp. 741-743, and cases cited; Eden on Bankruptcy, 110; *Horner* v. *Spelman*, 78 Ill. 206; *Warner* v. *Kronkite*, 6 Biss. 453; *In the matter of Devoe*, 2 Nat. Bank. Reg. 27; *Hughes* v. *Oliver*, 8 Pa. St. 426.

"Appellant urges that the judgment being provable, it is discharged. This contention is untenable, because the same section of the statute which excepts a debt created by fraud from the discharge, provides that it may be proved even though appellee had proved his judgment in bankruptcy and obtained a dividend less than the amount thereof. This would not operate to discharge appellant from the unpaid balance. (*Stokes* v. *Mason*, 12 Nat. Bank. Reg. 498; 10 R. I. 8.) The evidence is that no part of the judgment has been paid.

"Appellant's counsel objects to the exclusion of evidence tending to prove that there was no fraud in the transaction in respect of which the judgment was recovered. Such evidence is incompetent and it is properly excluded. (*Forsyth* v. *Vehmeyer*, and *Flannagan* v. *Pearson*, *supra.*) There was only one count in the declaration, and it was held in the last case that whether the judgment was rendered for fraud is not a question for the jury, but must be determined from the record. The suit having been in case for fraud, and the declaration having been framed accordingly, the judgment is conclusive as to the fraud, and the fraud is not, as contended by appellant's counsel, merged in the judgment. *Schuman* v. *Strauss*, 52 N. Y. 404, 408.

"Appellant assigns as error the sustaining a demurrer to his additional plea and demurrer, assigning especially that the plea is double, which it is, and is otherwise defective. The demurrer was properly sustained.

"It is objected that the amended declaration contains no *ad damnum*. The original declaration concludes with an *ad damnum*, and we are inclined to the opinion that the

amended declaration may be regarded as an additional count, and the *ad damnum* in the original as applying to the latter declaration. No specific objection is made to the amended declaration for want of *ad damnum* in the trial court, nor was any motion made in arrest of judgment, and the objection therefore cannot be availed of here. *Barnes* v. *Brookman*, 107 Ill. 317; *Utter* v. *Jaffray*, 15 Ill. App. 236.

"Lastly, it is objected that the damages are excessive. The court found the issues for the plaintiff, and found the debt to be $833.35, and assessed the plaintiff's damages in the sum of $2076.90. The evidence was that the interest due at the date of the judgment was $1242.74, and the damages should have been assessed at the latter amount only. The court, in assessing the damages, evidently included the amount of the debt, $833.35, in the damages, and judgment was entered accordingly. Deducting from $2076.90, the amount assessed as damages, $833.35, the remainder is $1243.55. Appellee has filed a *remittitur* of all damages in excess of $1242.74, the amount of the interest. A *remittitur* of $834.16 from the amount of damages, $2076.90, will be entered here, so that the judgment will be for $833.35 debt and $1242.74 damages, and the judgment will be affirmed with directions to the trial court to enter a like *remittitur* in that court. Appellant not having specifically called the attention of the trial court to the excess of damages, he will not recover the costs of this court."

From a careful examination of the facts presented by the abstract in this case, and of the briefs herein, we have reached the same conclusion as was reached by the Appellate Court in its judgment, and we concur with the Appellate Court in its opinion and adopt the same as the opinion of this court.

The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*