Robert C. Halsey, Appellant, v. James Jordan et al., Appellees.

BANKRUPTCY—*what claim not affected by discharge.* A discharge in bankruptcy does not release a bankrupt from a claim or judgment arising by reason of his, as a public warehouseman, fraudulently removing property from his warehouse contrary to the provisions of the State statute which makes it a felony so to do.

*Scire facias.* Appeal from the County Court of De Witt county; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed March 30, 1910.

LEMON & LEMON, for appellant.

GEORGE F. JORDAN, E. E. DONNELLY, FRED BALL and E. B. MITCHELL, for appellees.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

The appellant, Halsey, recovered a judgment in an action of trover and case, against the appellees, James Jordan and Thomas Jordan, in the county court of DeWitt county, on July 10, 1901, for $874.50, and on May 15, 1908, sued out of said court a *scire facias* to revive said judgment. To the writ of *scire facias,* the defendants filed four pleas as follows:

*Nul tiel* record, on which issue was joined. Second plea setting forth that the action on which the judgment was rendered was in trover, and that the defendants did not waive a jury in writing, and that an execution issued upon said judgment was quashed on

September 1, 1901.   Third plea averring that the judgment was null and void, without setting forth any fact or facts upon which the conclusion was based.   Fourth plea averring that after the rendition of the judgment on, to wit, November 7, 1901, the defendants and each of them were adjudged bankrupts by the District Court of the United States for the Southern District of Illinois, and that afterwards, on the 30th day of January, 1902, the defendants, and each of them, as partners, and individually, were discharged from all debts and claims provable against the bankrupt estate, and which existed on the 7th day of November, 1901, except such debts as are by law excepted from the operation of a discharge in bankruptcy, and averring that the said judgment is a debt and claim, which by the Act of Congress was provable against their estate, and not excepted by said Act, and averring that the judgment was scheduled by the defendants, and that the plaintiff had notice of the proceedings in bankruptcy and their application for a discharge.

Appellant demurred to the first, second and third pleas.   The court sustained the demurrer to the second and third pleas and appellees amended their first plea.   On this plea issue was joined.

Appellant's replication to the defendants' fourth plea says that the judgment upon which said *scire facias* was issued was rendered by this court on, to wit, the tenth day of July, 1901, and which was prior to the date on which the petition for adjudication in bankruptcy was filed by the said defendants, or either of them.   And the plaintiff further avers that the cause of action upon which said judgment was rendered, was rendered for the fraudulent misappropriation by the defendants, as operators of a certain public warehouse of class "B" under the Statute of this State, of grain of the plaintiff received by them for storage in said warehouse, and for their defalcation thereby, while acting as such warehousemen.   And this the plaintiff is ready to verify, wherefore he prays judgment, etc.

Appellant by leave of the court filed his additional replication to the fourth plea and says that he ought not to be barred from having his aforesaid action because the judgment mentioned in said writ of *scire facias* was recovered by the plaintiff against said defendants in said court in a certain action wherein the plaintiff declared in trover and case against the defendants upon cause of action substantially as follows: That the said defendants while acting in a fiduciary capacity, to wit, the keepers of a warehouse of class "B" as defined by the Statute of this State, received in store as such warehousemen a large quantity of corn, the property of the plaintiff, giving to the plaintiff a warehouse receipt therefor, and fraudulently mixed and intermingled the grain of the plaintiff with other grain of the defendants in said warehouse, and afterwards in violation of their duty as such warehousemen under the Statute aforesaid, and for the purpose of wronging and defrauding the plaintiff, and fraudulently converting it to their own use and embezzling the same and misappropriating the same to their own use, and for their own gain and profit, and not for the purpose of preserving it from fire or other sudden danger, and without the return and cancellation of said outstanding receipt, removed said property from store in said warehouse, together with all other grain of like character and value, and for like purpose, and thereby, while sustaining such fiduciary relations to the plaintiff as to said property, the said defendants fraudulently as aforesaid embezzled and deprived the plaintiff of his said property, or its equivalent, contrary to the form of the statute in such case made and provided. And this the plaintiff is ready to verify, wherefore he prays judgment, etc.

The appellees demurred to said replications, and the court sustained the demurrer. Appellant elected to stand by his said replications; the court found the issue made by the plea of *nul tiel* record for the appellant, but the appellees' fourth plea remaining unan-

swered, and the facts therein averred, therefore, standing confessed of record, rendered judgment against appellant upon said fourth plea, that the defendants go hence without day, and that said judgment be not revived, and rendered judgment against the appellant for costs.

From this judgment an appeal was duly perfected, and the appellant assigns as error the sustaining of the demurrer to each of said replications to the fourth plea, and the rendition of the judgment aforesaid.

Section 17 of the Federal Bankruptcy Act provides that "A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as * * * (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer, or in any fiduciary capacity." I Federal Statutes Annotated, 578.

The Statute of this State defines public warehouses and classifies them into classes "A," "B" and "C," enjoining public duties upon the keepers thereof, and makes it a felony for any warehouseman to fraudulently remove any property from store except to preserve it from fire, or other sudden danger, without the return and cancellation of the warehouse receipt. 3 Starr & Curtis Statutes, pp. 3316-3329.

Public warehouses established under the law are public agencies, and the warehousemen pursue a public employment, and are clothed with a duty toward the public. Central Elevator Co. v. The People, 174 Ill. 203.

"The rule of law applicable to the position and relation occupied by public warehousemen, and of their duties, are the same that apply to trustees, and others who occupy fiduciary relations. The law has established limitations upon the power of those occupying such confidential relations to act in relation to the property and the interest of those who are the rightful beneficiaries of the trust." Hannah v. The People, 198 Ill. 88.

A discharge in bankruptcy is no defense to an action of debt on a judgment for fraud prior to the bankruptcy proceedings, and it is wholly immaterial whether or not the claim was proven or provable in bankruptcy, or whether or not a part was paid on it in the bankruptcy proceeding. It is the *cause of action* which determines the question whether the discharge in bankruptcy is operative, and not the form of action adopted. Forsyth v. Vehmeyer, 176 Ill. 359; Nelson v. Petterson, 131 Ill. App. 443.

The demurrer of appellees admits the averments set forth in the replication to be true and they show that the debt was within the exception of the bankrupt act and the replication was not subject to demurrer and it was error in the trial court to sustain the demurrer.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*